**TORRANCE REDEVELOPMENT AGENCY, a public corporation, Plaintiff,**

**v.**

**SOLVENT COATING COMPANY, a corporation, et al., Defendants.**

**No. CV–90–3774–RSWL(Sx).**

United States District Court, C.D. California.

Oct. 28, 1991.

Kenneth L. Nelson, Agency Counsel, Torrance Redevelopment Agency, and Burke, Williams & Sorensen, Brian A. Pierik, Stephen R. Onstot, Joseph P. Buchman,

Los Angeles, Cal., for plaintiff Torrance Redevelopment Agency.

Gary A. Meyer, Melissa M. Allain, James F. Thompson, Parker, Milliken, Clark, O'Hara & Samuelian, Los Angeles, Cal., for defendants, cross-defendants, cross-claimants and counterclaimants, Permalite Repromedia Corp. and Solvent Coating Corp.

Leroy A. Abelson, O'Neil, Huxtable and Abelson, Los Angeles, Cal., for cross-claimants, Thomas G. Woolson, Peter C. Woolson and Ruth A. Woolson aka Ruth A. Catlin.

William P. Driscoll, Driscoll & Peterson, Pasadena, Cal., A. Raymond Hamrick, III, Universal City, Cal., for defendants, Henry A. Roemisch, Jr., Linnea J. Roemisch and Henry A. Roemisch, III.

### ORDER

LEW, District Judge.

Plaintiff in the above captioned action has moved for reconsideration of the Court's May 10, 1991 order. 763 F.Supp. 1060. Defendant Permalite Repromedia Corporation timely opposed the motion. The matter was set for oral argument on September 30, 1991 at 9:00 a.m. After review of the papers filed, the Court determined that all of the issues had been adequately briefed and removed the matter from the Court's law and motion calendar pursuant to Federal Rule of Civil Procedure 78. Now having again reviewed all of the papers filed in support of and in opposition to the motion, the Court hereby issues the following order:

Plaintiff's motion for reconsideration is hereby GRANTED.

### I. *Background*

On May 10, 1991, the Court issued its order dismissing with prejudice certain causes of action found in Plaintiff's First Amended Complaint (the "FAC"). These causes of action included the third, seventh, and ninth causes of action.

In granting dismissal of the third cause of action, brought under Health and Safety Code §§ 33459 *et seq.*, the Court determined that the Health and Safety provi-sions at issue which regulated recovery of hazardous substance clean-up response costs were to be applied prospectively; these sections became effective on January 1, 1991. Because the third cause of action alleged that clean-up response costs were incurred prior to January 1, 1991, the Court dismissed the cause of action with prejudice. The Court found that the cause of action could not be amended to state a valid claim for relief.

In granting dismissal of the seventh cause of action, for California common law trespass, the Court took judicial notice of a March 27, 1987 letter from Plaintiff to Defendant Repromedia Corporation ("Permalite"). This letter evidenced Plaintiff's knowledge of Permalite's alleged release of hazardous materials on the property at issue, and the Court concluded that such knowledge triggered the statute of limitations. Because Plaintiff had not filed its original complaint until July 17, 1990, the Court found that the three year statute of limitations had run by approximately four months. Consequently, the Court determined that Plaintiff's claim was time-barred, and dismissed the cause of action with prejudice.

In granting dismissal of the ninth cause of action, that for declaratory relief, the Court determined that the statute of limitations had run. Thus, dismissal was granted on the basis that the ninth cause of action was time-barred.

### II. *Standard: Motion for Reconsideration*

Under Federal Rule of Civil Procedure 60(b)(1), the Court may relieve a party from a final judgment, order, or proceeding by reason of mistake, inadvertence, surprise, or excusable neglect.

### III. *Discussion*

#### A. Third Cause of Action

In its May 10, 1991 order, this Court determined that A.B. 3193 (also known as California Health and Safety Code §§ 33459 *et seq.*) applies prospectively from its effective date of January 1, 1991. This

Court also ruled that A.B. 3193 provides for cost recovery only for clean-up commencing after January 1, 1991. The Court found that under the allegations of the third cause of action relief could not be granted. The Court also found that any amendment could not remedy the deficiencies. Accordingly, the Court dismissed the FAC's third cause of action with prejudice.

■ By stating that "A.B. 3193 only provides cost recovery for clean-up commenced after the effective date of the statute," the Court mistakenly gave the impression that the responsive costs of clean-up cannot be segregated. Therefore, at this juncture the Court will clarify its May 10, 1991 order: Response costs incurred before January 1, 1991 are not recoverable because A.B. 3193 does not afford recovery for action taken before January 1, 1991. However, response costs incurred after the effective date of the statute are recoverable regardless of whether other response costs were incurred prior to the statute taking effect.

As stated above, the Court determined that the third cause of action could not be amended to state a viable claim. This was error on the Court's part. The Court mistakenly read the third cause of action as only seeking recovery for response costs incurred prior to January 1, 1991, and determined that recovery of costs after the effective date of the statute were not and could not be alleged. In doing so, the Court erred because the third cause of action already stated a viable claim: the third cause of action incorporates by reference Paragraph 39 of the FAC; Paragraph 39 in turn alleges prospectively that as of January 9, 1991, the filing date of the FAC, Plaintiff will continue to incur costs in response to the release of hazardous substances. By incorporating Paragraph 39, the third cause of action alleges response

costs for the hazardous substance clean-up prospective to A.B. 3193's effective date. Therefore, it states a viable claim.

The Court erred in dismissing the third cause of action. Pursuant to Rule 60(b)(1),[1] and because of the Court's mistake, the Court GRANTS Plaintiff's motion for reconsideration of the Court's dismissal of the third cause of action. *See Meadows v. Cohen*, 409 F.2d 750, 752 n. 4 (5th Cir.1969) (the "mistakes" of judges may be remedied under the provision of Rule 60(b)(1)). The Court reinstates the third cause of action to the extent it seeks recovery for response costs incurred after A.B. 3193's effective date.

### B.  The Seventh Cause of Action

■ The seventh cause of action alleges that Defendants caused the disposal, spillage and leakage of hazardous materials on the property in question. The claim also alleges that Defendants were under a duty to abate the disposal, spillage and leakage of the hazardous materials. Most importantly, the cause of action alleges that "such disposal, leakage, or spillage constitutes a continuing trespass."[2]

In dismissing the seventh cause of action, the Court ruled that Plaintiff's claim for trespass was time-barred by the three year statute of limitations found in California Code of Civil Procedure § 338(b). The Court noted that Plaintiff had notice of the release of hazardous materials as early as March 27, 1987, but had filed the original complaint on July 17, 1990, approximately four months beyond the permissible statutory period. However, in finding that the statute of limitations had run, the Court did not take into account that a continuing as opposed to a permanent trespass had been alleged.

---

1.  Although Plaintiff brought its motion pursuant to Local Rule 7.16, the Court determines that the motion can be better resolved through application of Rule 60(b)(1).

2.  These allegations sufficiently state a claim for continuing trespass. In federal court, the manner of setting forth allegations is a matter of procedure, and a court cannot be bound by a

state's technical pleading rules. *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 698–99 (8th Cir.1979). Here, the seventh cause of action is sufficiently pled to give Defendants fair notice of the claim against them as required under the liberal pleading requirements of the Federal Rules of Civil Procedure.

The application of the statute of limitations to allegations of continuing trespass was thoroughly discussed in the recent case of *Mangini v. Aerojet–General Corp.*, 227 Cal.App.3d 1248, 278 Cal.Rptr. 395 (3d Dist.1991). There, plaintiff property owners brought an action against their predecessors' lessees, alleging that defendants had contaminated their property with hazardous wastes. *Id.*, 278 Cal.Rptr. at 397.

■ In analyzing the application of the statute of limitations to claims for continuing nuisance and continuing trespass, the *Mangini* court noted that "plaintiffs' land may be subject to a continuing nuisance [or trespass][3] even though defendant's offensive conduct ended years ago. That is because the 'continuing' nature of the nuisance [or trespass] refers to the continuing damage caused by the offensive condition, not to the acts causing the offensive condition to occur." *Id.*, at 404. The *Mangini* court recognized, consistent with the California courts' historical application of statutes of limitation to continuing nuisance and trespass, that a cause of action based solely on the original nuisance or trespass would be barred by the appropriate statute of limitations if not brought within the prescribed period. *Id.* However, the *Mangini* court also recognized that the continuing aspect of the alleged wrong permitted recovery for damages sustained within the statutory period even though the original wrong fell outside the statute. *Id.*

In the instant case, while Plaintiff's claims for recovery of those damages sustained prior to July 17, 1987 due to the alleged continuing trespass are time-barred, those that occurred within three years prior to July 17, 1990 are not. Consequently, the Court's determination that the statute of limitations bars Plaintiff's seventh cause of action was erroneous. Pursuant to Rule 60(b)(1), and because of this mistake in applying the statute of limitations, the Court GRANTS Plaintiff's motion for reconsideration of the Court's dismissal of the seventh cause of action. *See Meadows v. Cohen, supra*, 409 F.2d at 752 n. 4 (the "mistakes" of judges may be remedied under the provision of Rule 60(b)(1)). Accordingly, the Court reinstates the seventh cause of action to the extent it seeks recovery for the alleged continuing trespass, any damage recoverable being limited to that which occurred within three years prior to the filing date of the original complaint.

### C. Ninth Cause of Action

The Court dismissed with prejudice the ninth cause of action, which sought declaratory relief. Because viable state causes of action once again exist, an actual controversy capable of resolution by declaratory relief is presented. *See Earnest v. Lowentritt*, 690 F.2d 1198, 1203 (5th Cir.1982). The Court GRANTS Plaintiff's motion for reconsideration of the ninth cause of action. The ninth cause of action is reinstated.

### IV. *Conclusion*

Plaintiff's motion for reconsideration is hereby GRANTED. The third, seventh and ninth causes of action are reinstated into the first amended complaint to the extent delineated above.

IT IS SO ORDERED.

---

**3.** The *Mangini* court first applied its analysis to claims of continuing nuisance. However, it later stated that "the application of the statute of limitations for trespass has been the same for nuisance and has depended on whether the trespass has been continuing or permanent." *Id.*, at 405. The Court finds therefore that the *Mangini* court's statements regarding continuing nuisance fully apply to a claim of continuing trespass.