**Jose SANTIAGO, Plaintiff–Appellee,**

v.

**LYKES BROS. STEAMSHIP CO., INC., Defendant–Appellant.**

**No. 91–7751.**

United States Court of Appeals, Eleventh Circuit.

March 17, 1993.

Gregory C. Buffalow, Robert S. Frost, Mobile, AL, for defendant-appellant.

Mark L. Redditt, Mobile, AL, for plaintiff-appellee.

Before BIRCH, Circuit Judge, JOHNSON, Senior Circuit Judge, and THOMAS *, Senior District Judge.

DANIEL HOLCOMBE THOMAS, Senior District Judge:

This case involved plaintiff's claim for damages under the Jones Act, 46 U.S.C.App. § 688, and the general maritime law for loss of hearing. Plaintiff alleges that his hearing loss resulted from continued exposure to high noise levels in the course of his employment in the engine room of defendant's vessel.

The pre-trial document entered pursuant to Rule 16, F.R.C.P. clearly sets out as an issue for both parties the time plaintiff became aware or should have become aware of his hearing loss. Statute of limitations is also clearly set out in the document as one of defendant's theories of defense. However, the Trial Court ultimately sent the case to the jury under the continuing tort theory and unseaworthiness.

In the trial in the lower court the jury returned a verdict under the continuing tort theory in favor of the plaintiff in the amount of $49,316.00, from which the defendant appealed. The jury also returned a verdict in favor of the defendant on the unseaworthiness claim.

The Pre–Trial Document

This case was filed in the District Court on February 2, 1990. Count One is cap-

---

* Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

tioned "Seaman's Complaint under the Jones Act and Under the General Maritime Law for Damages" and demands a trial by jury.

Count Two is captioned "Second Cause of Action Brought by Plaintiff Under the General Maritime and Admiralty Law of the United States Within the Meaning of Rule 9(h)." [1]

The defendant's answer contains several affirmative defenses the first of which is: "Plaintiff's claim is barred by the applicable Statute of Limitations." The second defense is: "The plaintiff's claim is barred by Laches."

The joint pre-trial document was filed January 2, 1991. Under "Agreed Facts" it states that Lykes has been the plaintiff's Jones Act employer for sea service since 1987.

In "Plaintiff's Statement of Cause of Action" Count One "asserts a cause of action under the Jones Act and under the General Maritime Law." Plaintiff also states a cause of action under "Unseaworthiness." In Count Two plaintiff asserts a cause of action under the General Maritime and Admiralty Law. The claims asserted in Count Two are the same as asserted in Count One.

Nowhere does the pre-trial document mention or infer that the continuing tort issue is involved in this case.

The Trial

■ The first two days of trial involved only the issue of the Statute of Limitations under the Jones Act. The lawyers so understood as well as did the Trial Judge. On the opening day of the trial the Judge stated to the jury:

"..... the defendant has alleged as a defense that this cause was not brought within the proper time. And I will file with you an interrogatory at the conclusion of the case to ascertain when the plaintiff was aware or should have been aware of this condition that he has or alleges he has with his loss of hearing."

During the trial the defendant made several motions for a summary judgment under the Jones Act Statute of Limitations theory. We agree that the Trial Court was correct in denying these motions. The question of when the plaintiff's injury became manifest or reasonably should have been is for the jury.

On the latter part of the second day of trial, the plaintiff presented the Court with the case of *Fowkes v. Pennsylvania R. Co.*, 264 F.2d 397 (3d Cir.1959) and the case of *Page v. United States*, 729 F.2d 818 (D.C.Cir.1984). Both of these cases discuss the continuing tort theory. This was the first time such theory appears in the trial.

On pages 119–120 of the transcript the Court stated, among other things:

"I have just received these cases from the plaintiff's attorney today.... I have concluded from these two cases that this is a continuing trauma that has been sustained by the plaintiff and that I am going to hold that the Statute of Limitations will not begin to run until the last event that has caused the injury has taken place. As a result I am going to charge the jury on that aspect of the Statute of Limitations with this exception."

At the conclusion of the trial the Court gave an instruction to the jury:

"[Y]ou will not consider the fact that these injuries may have occurred at any time previous to a particular moment in time. The Court is ruling that the plaintiff is entitled to recover damages, if he proves his case, for the entire period of time. So as I told you in the beginning, I would provide you with an interrogatory concerning the time when the plaintiff would reasonably have known or did know of his injury; I am withdrawing that from you at this time. If you award

---

**1.** While an admiralty case which states that it comes within the meaning of Rule 9(h) ordinarily implies a non-jury case, both Counts One and Two in this action plainly assert claims under the Jones Act and a jury trial is demanded under Count One. A Jones Act case may be tried to a jury at the option of the plaintiff. Therefore the case will be treated as properly on the jury docket.

damages, you will not take into consideration when these damages occurred."

Discussion

On appeal, the defendant raises several issues, one of which is whether or not the Eleventh Circuit has ruled out the continuing tort theory. In another the defendant insists that the Court committed reversible error in charging the jury under the continuing tort issue inasmuch as it was not raised in the pre-trial stipulation. While these issues are before us we will not reach them as the case has to be reversed on other issues.

The statute of limitations for actions under the Jones Act is three years from the date the cause of action accrued. 46 U.S.C.App. § 688(a) provides that the statue of limitations for Jones Act cases is controlled by the Federal Employers' Liability Act (F.E.L.A.). The applicable code section, 45 U.S.C. § 56, reads, in pertinent part: "No action shall be maintained under this act unless commenced within three years from the day the cause of action accrued."

The statute of limitations as traditionally applied under the Jones Act would run from the date the plaintiff was aware or should have been aware of his injury and of its causal connection to his work. *See Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949) (applying the discovery rule in an F.E.L.A. case involving an occupational disease). Under the continuing tort theory the statute would not begin to run until the plaintiff ceased to work for Lykes in a capacity which would not involve exposure to loud noises. *See Fowkes, supra* at 399.

The testimony was uncontested in that the plaintiff was still working for Lykes in the engine room up until the time of the trial, thus extending the time for the statute to begin to run to the date of trial. Under the continuing tort theory, recovery may be had for resulting injuries subject to the limitation that only damages which occurred within the period of limitations may be recovered, which in this case would be three years prior to the filing of suit. In

the case of *Minyard v. Woodward Iron Co.*, 81 F.Supp. 414 (D.C.Ala.), *aff'd*, 170 F.2d 508 (5th Cir.1948), on page 417 Judge Lynne, the trial District Judge, stated: "The Alabama one-year statute of limitations, Code of Alabama 1940, Title 7, § 26, is applicable, in that said statute began to run from the last date on which plaintiff inhaled silica dust while employed by the defendant...." He next says: "Under pertinent decisions of the Alabama courts, a recovery may be had for injuries resulting from a continuous tort subject to the limitation that only damages which occurred within the period of limitations may be recovered, provided that the damages sustained within the statutory period are separable from those that are barred under the statute by the lapse of time." *Id.* This last statement tells us two things: that the continuous tort theory is recognized in Alabama Courts, and, that in such cases "only damages *which occurred within the period of limitation may be recovered ...*". *Id.* (emphasis added).

In the case of *Cloud v. Olin Corp.*, 552 F.Supp. 528, 533 (N.D.Ala.1982)—

"It was thus that in *American Mutual Liability Insurance Co. v. Agricola Furnace Co.*, 236 Ala. 535, 183 So. 677 (1938), this Court held that recovery for a continuous tort could be had only for those damages which occurred within the period of limitations. *See also Howell v. City of Dothan*, 234 Ala. 158, 174 So. 624 (1937). The cause of action was, therefore not barred by the statute of limitations until one year after the last day on which the plaintiff was exposed to the dangerous conditions which caused the injury. *Minyard v. Woodward Iron Co.*, 81 F.Supp. 414 (N.D.Ala.), *aff'd*, 170 F.2d 508 (5th Cir.1948). This was, and is, the rule in all cases concerning continuous torts in Alabama."

In the case of *American Mutual Liability Ins. Co. v. Agricola Furnace Co., supra*, 183 So. at 679: "But an occupational disease is not an accident even in its broad sense. The policies cover accidents which occur with the period of their respective term. A tort is often an accident, as when

injury results from negligent conduct, and it may be of a continuous tort, and, if so, a recovery may be had for all damages which occurred within the period of limitations, 37 Corpus Juris 897, and by successive actions. *Louisville & Nashville R. Co. v. Higginbotham,* 153 Ala. 334, 44 So. 872."

■ The appellant insists that the case must be reversed because the continuing tort theory was not mentioned in the pretrial order. This issue is discretionary with the trial court.

Rule 16(e), F.R.C.P. provides, in pertinent part, that the pre-trial order "shall control the subsequent course of the action unless modified by a subsequent order," and that the pre-trial order "shall be modified only to prevent manifest injustice."

■ The decision of the trial court to modify or enforce a pre-trial order will not be disturbed absent a showing of abuse of discretion. *Davis v. Duplantis,* 448 F.2d 918 (5th Cir.1971).[2] "[W]e realize that for pretrial procedures to continue as viable mechanisms of court efficiency, appellate courts must exercise minimal interference with trial court discretion in matters such as the modification of its orders." *Hodges v. United States,* 597 F.2d 1014, 1018 (5th Cir.1979).

We think that the District Court in its ruling on this issue did not abuse its discretion.

■ Appellant also suggests that the case should be reversed in that Eleventh Circuit precedent indicates that the continu-

ing tort theory is not recognized in this circuit. We do not so understand.

The Eleventh Circuit has not squarely addressed the issue of the continuing tort theory under the Jones Act. This Court's predecessor has applied the theory in at least one federal statutory context. *Donaldson v. O'Connor,* 493 F.2d 507 (5th Cir.1974), *vacated on other grounds,* 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975) (§ 1983 suit brought by a former mental patient for denial of treatment during civil confinement in mental institution). However, subsequent to our split from the former 5th Circuit, this Court has applied the discovery rule in numerous other federal statutory contexts.[3]

We also note, although it is not binding authority on us, that the Fifth Circuit has, subsequent to the split, rejected the continuing tort theory under the Jones Act on facts similar to those here. *Crisman v. ODECO, Inc.,* 932 F.2d 413 (5th Cir.1991), *cert. den.,* — U.S. —, 112 S.Ct. 337, 116 L.Ed.2d 278 (1991); *Albertson v. T.J. Stevenson & Co.,* 749 F.2d 223 (5th Cir.1984).

Conclusion

■ We hold that the Trial Court's charge to the jury at the conclusion of the trial not only severely prejudiced the defendant on the last day of the trial, it completely changed the issue on which the case was prepared and tried. The charge is also an erroneous statement of the law under the continuing tort theory.

The giving of this charge constituted reversible error and we remand this case to

---

**2.** Decisions of the former Fifth Circuit handed down before October 1, 1981 are binding precedent in this circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

**3.** *See, e.g., Bivens Gardens Office Building, Inc. v. Barnett Bank of Florida, Inc.,* 906 F.2d 1546 (11th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1695, 114 L.Ed.2d 89 (1991) (the discovery rule applicable to civil RICO claims under 18 U.S.C. § 1961 *et seq.*); *Durham v. Business Management Associates,* 847 F.2d 1505 (11th Cir. 1988) (the discovery rule applicable to claims under the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b)); *Hester v. International Union of Operating Engineers,* 818 F.2d 1537 (11th Cir.), *reh'g denied,* 830 F.2d 172 (11th Cir.1987), *vacated on other grounds,* 488 U.S. 1025, 109

S.Ct. 831, 102 L.Ed.2d 963 (1989), *on remand,* 878 F.2d 1309 (11th Cir.), *reh'g denied,* 889 F.2d 276 (11th Cir.1989), *cert. denied,* 494 U.S. 1079, 110 S.Ct. 1808, 108 L.Ed.2d 939 (1990) (the discovery rule applicable to claims under the Labor–Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.*); *Mullinax v. McElhenney,* 817 F.2d 711 (11th Cir.1987) (the discovery rule applicable to claims under 42 U.S.C. § 1983); *Hill v. Georgia Power Co.,* 786 F.2d 1071 (11th Cir.1986) (the discovery Rule applicable to claims under the Labor Management Relations Act, 29 U.S.C. § 185 *et seq.*); *Price v. United States,* 775 F.2d 1491 (11th Cir.1985) (the discovery rule applicable to medical malpractice claims under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*).

**428**

the District Court for a new trial. We do not rule out the continuing tort theory. We merely hold that the charge given in this case was an incorrect statement of law.

Under the continuing tort theory, a plaintiff can only recover damages for any increase in injury which occurred within the statutory period of limitations which in this case is three years prior to filing suit. *Minyard v. Woodward Iron Co., supra.*

We REVERSE and REMAND this case to the District Court for a new trial. The District Court in its discretion shall permit pleadings to be amended and additional testimony to be taken.