28 F.3d 1089
 39 ERC 1225, 63 USLW 2120, 24 Envtl.
L. Rep. 21,604
 Inez TUCKER, on behalf of herself and all others similarly
situated; Allen James Banks, on behalf of himself
and all others similarly situated,
Plaintiffs-Appellees,
Jean W. Chambley; Charles A. Burney; June B. Ham, Plaintiffs,
v.
SOUTHERN WOOD PIEDMONT COMPANY; ITT Rayonier, Inc.; ITT
Corporation, Defendants-Appellants.
 No. 93-9027.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 12, 1994.
 
 Ben L. Weinberg, Jr., David A. Sapp, Atlanta, GA, for appellees.
 Thomas H. Hinson, II, Macon, GA, William R. McCracken, Augusta, GA, for appellees.
 Appeal from the United States District Court for the Middle District of Georgia.
 Before ANDERSON and BIRCH, Circuit Judges, and ALBRITTON*, District Judge.
 ANDERSON, Circuit Judge:
 
 
 1
 The interplay between a state statute of limitations and a federal law establishing the accrual date for actions involving exposure to hazardous substances forms the basis of this case. The plaintiffs own property near a site at which wood was treated with creosote and other substances for various uses, including railroad ties and utility poles. Defendants operated the site for decades until wood preservation activities ceased in 1986. Plaintiffs filed suit on September 6, 1991, alleging various federal and state causes of action. Defendants subsequently moved to dismiss one of Plaintiffs' federal causes of action, and to restrict the state law claims to damage that occurred during the four years immediately preceding the filing of the lawsuit. The district court denied both of Defendants' motions. Defendants have appealed only the ruling involving the state law claims.
 
 
 2
 Plaintiffs allege causes of action for negligence, trespass, and nuisance under Georgia law. Ordinarily, such claims are governed by a four-year statute of limitations pertaining to trespass and damage to realty. O.C.G.A. Sec. 9-3-30 (1982). In Georgia, tort claims for damage to property (as opposed to actions for personal injury) accrue, and the statute of limitations begins running, on the date the wrong is committed, regardless of when the injured party should have discovered the wrongdoing. Thus there is no state "discovery rule" in torts involving property damage. Corporation of Mercer Univ. v. National Gypsum Co., 258 Ga. 365, 368 S.E.2d 732 (1988). Because operation of the wood-treating facility ceased more than five years before the instant action was filed, the application of the Georgia accrual rule and the four-year statute of limitations would bar Plaintiffs' cause of action.
 
 
 3
 Two considerations complicate matters, however. The first is the "continuing tort" doctrine. Under Georgia law, a cause of action for a tort that is continuing in nature--for example, the frequent runoff of contaminated water across land, or (as in the present case) the underground leakage of hazardous waste onto adjoining property--accrues at the time of continuance. City of Columbus v. Myszka, 246 Ga. 571, 272 S.E.2d 302, 305 (1980). Therefore, the plaintiff in a continuing tort suit can recover for any damages that were suffered within four years prior to the filing of the suit. Id. In the present posture of this case, it is clear that, under Georgia's continuing tort doctrine, Plaintiffs would be entitled to any damages that they can prove to have been caused by leakage of hazardous waste onto their property from and after September 6, 1987--four years prior to the date the instant action was filed. Defendants do not argue otherwise.
 
 
 4
 The second complicating factor involves the development of federal law in the environmental tort arena. In 1986, Congress amended the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), in part to address what was perceived as the inadequacy of the laws of some states in dealing with the delayed discovery of the effect of toxic substance pollution. H.R.Conf.Rep. No. 99-962, 99th Cong., 2d Sess. 261 (1986), reprinted in 1986 U.S.C.C.A.N. 2835, 3276, 3354 (hereinafter "House Report"). The portion of the amendment relevant to this case states:
 
 
 5
 In the case of any action brought under State law for personal injury, or property damages, which are caused or contributed to by exposure to any hazardous substance, or pollutant or contaminant, released into the environment from a facility, if the applicable limitations period for such action (as specified in the State statute of limitations or under common law) provides a commencement date which is earlier than the federally required commencement date, such period shall commence at the federally required commencement date in lieu of the date specified in such State statute.
 
 
 6
 42 U.S.C. Sec. 9658(a)(1). The term "federally required commencement date" is defined as:
 
 
 7
 [T]he date the plaintiff knew (or reasonably should have known) that the personal injury or property damages referred to in subsection (a)(1) ... were caused or contributed to by the hazardous substance or pollutant or contaminant concerned.
 
 
 8
 Id. Sec. 9658(b)(4)(A). Thus there is a federally mandated "discovery rule" for environmental torts brought under state law, despite the fact that Georgia generally does not provide such a rule for torts involving only property damage.
 
 
 9
 Defendants argue that 42 U.S.C. Sec. 9658 (known also as Section 309 of CERCLA) has no application to this case. They maintain that statutes of limitations have two independent functions: to define when an action may be brought, and to define the period for which damages can be recovered. Section 309 applies only to the first function, Defendants claim; therefore, Georgia law regarding continuing torts is unaffected by the CERCLA amendment addressing the commencement date of state statutes of limitations.
 
 
 10
 The defendants' argument fails because its central premise is unsound. A statute of limitations does not define, as an independent function, the period for which damages can be recovered. Rather, in the context of a continuing tort, the limitation of the time period for which damages can be recovered operates as part and parcel of limiting when an action can be brought. To use the instant case as an example, both parties agree that absent the federally mandated discovery rule, Plaintiffs would be entitled only to the damages suffered on or after September 6, 1987. This is because a continuing tort, as Defendants acknowledged during oral argument, is in essence the commission of a new tort each day. Plaintiffs can recover for damages caused by the tort that was committed on September 6, 1987 because they filed suit within the statute of limitations. Without a discovery rule, Plaintiffs could not recover for damages caused by the tort that was committed on September 5, 1987 because they filed suit four years and one day after the commission of that tort. This is only true, however, if the statute of limitations for the September 5, 1987 tort began to run on the date the tort was committed, regardless of when Plaintiffs discovered or should have discovered the tort. While the date of the wrong is the date the statute of limitations begins to run for property damage torts under Georgia law, the analysis is fundamentally altered by the introduction of the federally mandated discovery rule. As long as Plaintiffs sued within four years of the time they discovered or should have discovered the wrongs of which they complain, their recovery will not be limited to the four years immediately preceding the filing of the lawsuit.
 
 
 11
 None of the cases cited by Defendants support their "dual function" argument regarding the statute of limitations. Most of the cited cases simply apply the continuing tort doctrine without considering the possible effect of a discovery rule. Others, while mentioning the existence of a discovery rule, either did not address the impact such a rule would have on continuing torts, or applied the discovery rule to a continuing tort in the common-sense manner described above. For example, Torrance Redevelopment Agency v. Solvent Coating Co., 781 F.Supp. 650 (C.D.Cal.1991), applied the discovery rule in a continuing tort context in the logical and correct manner. There, the cause of action accrued under the discovery rule (i.e., the plaintiff knew of the wrongdoing) in 1987, and the plaintiff did not file suit until more than three years later; thus, the plaintiff was barred as to all past injuries by the three-year statute of limitations. However, because a continuing tort was involved, the court permitted recovery of any damage that occurred within three years prior to filing suit. The district court in the instant case applied the discovery rule to the instant continuing tort in the same correct manner as did the Torrance court. However, in the posture of the instant case, we assume that Plaintiffs filed suit within four years after discovery, and thus within the applicable four-year statute of limitations. Accordingly, the same method of applying the discovery rule operated in the Torrance case to bar recovery for early damages, but operates in the instant case such that there is no bar to recovery of early damages.
 
 
 12
 Defendants rely upon our decision in Santiago v. Lykes Bros. S.S. Co., 986 F.2d 423 (11th Cir.1993). However, Santiago does not support Defendants. Santiago posed questions concerning the validity and scope of the continuing tort theory in an action under the Jones Act. Although the opinion also noted that the accrual of a Jones Act cause of action is governed by a discovery rule, it did not address an argument concerning the consequences of the interplay between the continuing tort doctrine and the discovery rule. Id. at 426-28. Rather, Santiago held only that the district court's charge to the jury was "an erroneous statement of the law under the continuing tort theory." Id. at 427.[1] Thus Santiago provides little guidance for this case.
 
 
 13
 Defendants argue that the construction we now adopt will render meaningless the portion of the CERCLA amendment providing that "the statute of limitations established under State law shall apply" with the exception of the federally mandated discovery rule. 42 U.S.C. Sec. 9658(a)(2). Under Defendants' theory, the portion of the state statute that remains in force is the second of the "dual functions" of a statute of limitations, i.e., the period for which damages can be recovered. As we have demonstrated, the "dual function" concept is unsupported by both logic and case law. Further, it is clear that the above-quoted language from Section 9658(a)(2) refers to the number of years the limitations period runs. For example, if Georgia adopted a two-year, rather than a four-year, statute of limitations for torts, that state-created period would be applicable in this case. This conclusion is bolstered by the legislative history, which states that the amendment is meant to address "when the statute of limitations begins to run rather than the number of years it runs." House Report, supra, at 261, 1986 U.S.C.C.A.N. at 3354.[2]
 
 
 14
 Finally, as the district court aptly noted, adoption of the Defendants' argument would run counter to the purpose of the relevant portions of CERCLA and its amendments, which was to deal with the inadequacies of many state tort systems regarding the delayed discovery of the effect of a release of a toxic substance. House Report, supra. The district court observed:
 
 
 15
 To conclude that the statute of limitations is tolled until the injury is discovered, but that Plaintiffs may only recover for damage done to their property within the immediately preceding period of the statute of limitations[,] is illogical. No purpose is served by tolling the statute of limitations but limiting the damages that may be recovered from the tortfeasor. Such a result would still result in depriving plaintiffs of their day in court for the full extent of their injury.
 
 
 16
 ....
 
 
 17
 .... If the court were to accept Defendants' construction of Sec. 9658, there would be no effective preemption of state statutes of limitation. Quite the contrary, Defendants' reading of Sec. 9658 would simply allow the commencement of an action at any time but limit the period of recovery to that of the statute of limitations.
 
 
 18
 Policy, precedent, and logic dictate that we reject the argument offered by Defendants. The judgment of the district court is therefore
 
 
 19
 AFFIRMED.
 
 
 
 *
 Honorable W. Harold Albritton, III, U.S. District Judge for the Middle District of Alabama, sitting by designation
 
 
 [1]
 The district court had instructed the jury, id. at 425, that it need not determine the time when the plaintiff knew or should have known of the injury and that the jury need determine only whether the plaintiff was injured, the court having determined that the plaintiff would then be entitled to his entire damages because it was a continuous tort. As the Santiago opinion points out, that was an erroneous statement of the continuing tort doctrine, which operates (as described above in this opinion) to entitle the plaintiff to recover damages for the continuance of torts that occurred within the period of the statute of limitations, three years in Santiago. The issue in the instant case simply was not present in Santiago. The nature of the tort and injury in Santiago suggested that the plaintiff knew or should have known of his injury from the commencement of his employment. If the plaintiff filed suit within three years of that date, he was within the statute of limitations and entitled to all his damages; if he did not, he would be entitled only to damages from the continuance of torts occurring during the three years prior to filing
 
 
 [2]
 This same point was made in Bolin v. Cessna Aircraft Co., 759 F.Supp. 692, 704 n. 12 (D.Kan.1991). Defendants argue that Bolin supports their argument when, in fact, it is contrary to their position