[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11929
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 15, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 08-00594-CV-T-26MSS

VALPAK DIRECT MARKETING SYSTEMS, INC.,
a Delaware corporation,

Plaintiff-Appellee,

versus

ROBERT MASCHINO, an individual,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 15, 2009)

Before CARNES, WILSON and COX, Circuit Judges.

PER CURIAM:

# I. BACKGROUND

Valpak Direct Marketing Systems, Inc. ("Valpak") is a franchisor of direct-mail advertising. Robert Maschino and his wife Josephine Maschino were Valpak franchisees. In February 2008, Valpak sent the Maschinos a notice of default and formal demand for payments past due under the franchise agreement between Valpak and the Maschinos. When the Maschinos failed to pay the demanded monies, Valpak terminated the franchise agreement. Then, when the Maschinos still did not pay, Valpak sued them for breach of contract. The complaint was filed in the United States District Court, Middle District of Florida, and invoked the federal court's diversity jurisdiction. The Maschinos answered the complaint and pleaded as an affirmative defense that, prior to receiving the notice of termination from Valpak, they had made payments in excess of the amount necessary to cure the default. (R.1-13 at 1-4.) The Maschinos also pleaded a counterclaim for damages that they alleged Valpak caused by improperly terminating their franchise and, therefore, wrongfully preventing a previously-negotiated sale of their business. (*Id.* at 4-5.)

In May 2008, the district court entered a Case Management and Scheduling Order that fixed the last date for amendment of the pleadings as July 11, 2008. At the end of June 2008, Valpak brought a motion to dismiss the Maschinos' counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Maschinos opposed the

motion.  On July 17, 2008, the district court granted Valpak's motion to dismiss the Maschinos' counterclaim.  In its order granting the motion to dismiss, the district court found that, according to the facts alleged in the pleadings, the Maschinos had not cured their default in a timely manner and, therefore, Valpak had not improperly terminated the franchise agreement.  (R.1-22.)

In the third week of July 2008, the Maschinos were involved in a car accident. Mrs. Maschino died as a result of her injuries from that accident.  Mr. Maschino filed a Suggestion of Death, and no party was substituted for Mrs. Maschino.  The district court terminated Mrs. Maschino's participation as a party in the lawsuit.[1]

On February 25, 2009, two days before the discovery period was set to expire, Mr. Maschino filed a motion for permission to file an amended answer, affirmative defenses, and counterclaim.  (R.1-34; R.E. 4.)  The proposed amended pleading set forth the affirmative defenses of satisfaction of the debt and waiver and another affirmative defense/counterclaim for breach of the implied covenant of good faith and fair dealing.  The factual basis for the breach of the covenant of good faith and fair dealing counterclaim was the same as the factual basis alleged in the counterclaim in the Maschinos' original answer (the same counterclaim that was dismissed by the

---

[1]Federal Rule of Civil Procedure 25(a)(1) requires dismissal of claims against deceased parties for whom no substitution is made.

3

district court in July 2008). On February 26, 2009, district court denied the motion to amend, finding that Federal Rule of Civil Procedure 16(b) required that Mr. Maschino make a showing of good cause for the tardy amendment and that he had not made that showing and could not make it because "[a]ll of the facts alleged in the motion could have been ascertained with the exercise of due diligence prior to the deadline for amending pleadings." (R.1-35 at 2; R.E. 6 at 2 (*citing Romero v. Drummond Co.*, 552 F.3d 1303, 1318-19 (11th Cir. 2008).)

Valpak immediately moved for summary judgment on its breach of contract claim. Mr. Maschino opposed the motion on the grounds that: (1) Valpak had breached the covenant of good faith and fair dealing by terminating the Maschinos' franchise in order to prevent them from selling their business, and (2) he was entitled to an offset of $80,000 in profit that Valpak misappropriated when it received monies from a mailing the Maschinos prepared just before termination of their franchise. (R.1-45 at 2.) The district court granted Valpak summary judgment, stating in its order that Mr. Maschino's opposition was an attempted repackaging of the claims he had unsuccessfully sought to bring in an amended response to Valpak's complaint. (R.1-46 at 3.) With respect to the $80,000 offset to which Mr. Maschino claimed to be entitled, the court noted that Mr. Maschino asserted that affirmative defense for the first time in his opposition to Valpak's motion for summary judgment. The court

4

did not apply an $80,000 offset when it calculated damages due Valpak on its breach of contract claim. (*Id.* at 3, 6.)

## II.  ISSUES ON APPEAL

Mr. Maschino appeals the denial of his motion to amend and the grant of summary judgment to Valpak. He argues that he should have been granted leave to amend his pleadings so as to assert his waiver defense, his claim for breach of the implied covenant of good faith and fair dealing, and his claim to an $80,000 offset. And, he argues that improper denial of his motion to amend made the grant of summary judgment inappropriate.

## III.  STANDARDS OF REVIEW

We review a district court's decision to disallow amendment of a complaint after the deadline established in its pretrial order for abuse of discretion. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (*quoting Santiago v. Lykes Bros. Steamship Co.*, 986 F.2d 423, 427 (11th Cir. 1993)). "[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa*, 133 F.3d at 1418 n.2. (citations omitted). That rule requires a showing of good cause for modification of the deadlines in the scheduling order. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")

5

This court reviews a district court's grant of summary judgment by applying the same legal standards used by the district court. *See, e.g.*, *Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). Summary judgment is appropriate where "'there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1271 (11th Cir. 2001) (*quoting* Fed. R. Civ. P. 56(c)).

## IV. DISCUSSION

We find no abuse of discretion in the court's denial of Mr. Maschino's motion to amend. Our review of the record reveals that Mr. Maschino failed to demonstrate good cause for moving to amend his complaint more than seven months after amendment would have been allowed under the court's scheduling order. In the district court, Mr. Maschino blamed the delay on the tragedy of his wife's death and his resulting inability to communicate with his attorney about this case.[2] However, without discounting the profound effect that sad event must have had on Mr. Maschino, we find that it does not satisfy the good cause standard because the car accident that led to Mrs. Maschino's death occurred after the amendment deadline

---

[2]On appeal, Mr. Maschino also attributes the delay to two surgeries submitted to by his attorney. He did not present evidence of these surgeries to the district court. Therefore, we will not consider this argument.

6

had passed. The facts underlying the proposed amendment were actually known or could have been discovered with the exercise of due diligence in advance of the amendment deadline. Mr. Maschino presented no evidence of good cause why an amended pleading could not have been filed before that deadline passed.

And, on the pleadings as they existed at the time summary judgment was granted, there was no genuine issue of material fact in dispute. There was no dispute as to the existence of a valid contract or the Maschinos' failure to pay the monies owed to Valpak pursuant to that contract. In his opposition to the motion for summary judgment, Mr. Maschino did argue about the amount of damages due Valpak. But, as the district court recognized, he did so in an untimely attempt to assert an affirmative defense of offset based on a claim of misappropriation. *See BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1276-77 n.5 (11th Cir. 2008) ("According to Black's Law Dictionary, a setoff is a 'counterdemand against the plaintiff, arising out of a transaction independent of the plaintiff's claim.'") (*quoting* Black's Law Dictionary 1404 (8th ed. 2004)). As stated above, we find no error in the district court's decision to disallow the belated assertion of new claims in this lawsuit. For that reason, no issue of material fact was properly before the court at the summary judgment stage. Summary judgment for Valpak was proper.

AFFIRMED.

7