[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2009
THOMAS K. KAHN
CLERK

No. 09-12233

D. C. Docket No. 08-00003-CV-3-MCR/EMT

LESLIE SMITH,

Plaintiff-Appellant,

versus

PSYCHIATRIC SOLUTIONS, INC.,
PREMIER BEHAVIORAL SOLUTIONS, INC.,
GULF COAST TREATMENT CENTER, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Florida

(December 21, 2009)

Before DUBINA, Chief Judge, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

In this appeal, Plaintiff/Appellant Leslie Smith ("Smith") alleges that she was terminated from her employment with Defendant/Appellees Psychiatric Solutions, Inc. ("PSI"), Premier Behavioral Solutions, Inc. ("PBS"), and Gulf Coast Treatment Center, Inc. ("GCTC"), in retaliation for complaining about the physical abuse and Medicaid fraud that she witnessed or otherwise became aware of at Appellees' juvenile detention facility, in violation of Florida's whistle-blower statute and the Sarbanes-Oxley Act of 2002.

After a period of extensive and contentious discovery, the district court granted summary judgment in favor of the defendants. The district court also entered an order denying Smith's motion for leave to amend her complaint and upheld a magistrate judge's imposition of sanctions on Smith's lawyer, Richard E. Johnson. Finally, the court entered orders denying Smith's motions to compel discovery.

The issues presented on appeal are:

(1) Whether the district court erred in granting summary judgment in favor of Appellees on Smith's state law claim.

(2) Whether the district court erred in granting summary judgment in favor of Appellees on Smith's Sarbanes-Oxley claim.

(3)  Whether the district court erred in denying Smith's motion to amend her complaint.

(4)  Whether the district court erred in upholding the Magistrate Judge's imposition of sanctions on Smith's attorney, Mr. Johnson.

(5)  Whether the Magistrate Judge and/or the district court erred in denying Smith's motions to compel discovery.

This court reviews a district court's grant of summary judgment *de novo*, applying the same legal standards used by the district court. *Kingsland v. City of Miami*, 382 F.3d 1220, 1225 (11th Cir. 2004).  Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(c)). This court views the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolves all reasonable doubts about the facts in favor of the non-movant. *Id.*

This court reviews a district court's decision to disallow amendment of a complaint after the deadline established in its pretrial order for abuse of discretion. *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting *Santiago v. Lykes Bros. Steamship Co.*, 986 F.2d 423, 427 (11th Cir. 1993)). "[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is

the proper guide for determining whether a party's delay may be excused." *Id.* at 1418 n.2. That rule requires a showing of "good cause" for modification of the deadlines in the scheduling order. Fed. R. Civ. P. 16(b)(4).

This court's review of the imposition of sanctions under Rule 37 "is sharply limited to a search for an abuse of discretion . . ." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994), except for Mr. Johnson's due process claim, which is reviewed *de novo*. *Id.* at 1050.

This court reviews the denial of a motion to compel discovery for an abuse of discretion. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006).

As to the district court's grant of summary judgment in favor of the Appellees on Smith's state law retaliation claim, we conclude from the record that the district court correctly applied the actual violation standard as opposed to the good faith belief standard.[1] However, even if the good faith belief standard is, in fact, the correct standard to apply, and even if Smith can establish a prima facie case of retaliation, she has not presented "significantly probative" evidence of pretext and, therefore, summary judgment was properly granted in favor of the Appellees.

---

[1] Accordingly, we deny Appellant's Motion to Certify Question to the Florida Supreme Court.

4

As to the district court's grant of summary judgment in favor of Appellees on Smith's Sarbanes-Oxley whistle-blower claim, we conclude that Smith has failed to produce evidence demonstrating that she engaged in conduct protected under Sarbanes-Oxley.[2] Accordingly, we conclude summary judgment was appropriate on this claim.

Concerning Smith's contention that the district court erred in denying her motion to amend her complaint, we first conclude that Smith did not include this issue in her notice of appeal and, therefore, has waived it on appeal. However, even if we reached the merits of Smith's arguments, we would affirm the district court's order. Specifically, as to the district court's denial of Smith's proposed new state law claim, we conclude the district court did not abuse its discretion because Smith did not show "good cause" to amend her complaint outside of the scheduling order's time frame. As to her proposed new Sarbanes-Oxley claim, because Smith did not allege an adverse employment action, we conclude that the district court did not abuse its discretion. Accordingly, we affirm the district court's order denying Smith's motion to amend her complaint.

---

[2] Even if Smith had engaged in protected conduct, the district court was correct in dismissing her claim on the basis that Smith failed to exhaust her administrative remedies with respect to PBS and GCTC and was not an employee of PSI.

As to the imposition of sanctions against Mr. Johnson, we conclude that the district court correctly imposed sanctions because they were authorized by the Federal Rules of Civil Procedure and because, by putting Mr. Johnson on notice of the sanctions and giving him the opportunity to object, due process was satisfied. After reading Mr. Johnson's memorandum in opposition to sanctions, we find that he was given a full and fair opportunity to respond.

Finally, we uphold the district court's orders denying Smith's motions to compel discovery. Again, Smith did not include these orders in her notice of appeal and, therefore, she has waived this issue on appeal. However, even if we were to reach the merits of this issue, we would conclude that there was no error. As to the denial of Smith's Rule 37 motion to compel discovery, the magistrate judge did not abuse her discretion where she specifically listed each of Smith's discovery requests and gave legitimate reasons for denying them. As to the denial of Smith's Rule 56(f) motion to reopen discovery, we conclude that the district court did not abuse its discretion where the appellees submitted evidence that they had produced all non-privileged documents sought by Smith, and where the district court concluded, after an in-camera inspection, that the documents not produced were, in fact, privileged.

For the above-stated reasons, we affirm the district court's grant of summary judgment and its orders referenced in this opinion.

**AFFIRMED.**