[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10977
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-00202-WCO

BRANDY N. MCALISTER-JONES,

Plaintiff - Appellee,

versus

DALE EUGENE FOOTE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 4, 2017)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Brandy McAlister-Jones ("Plaintiff") sued Dale Eugene Foote ("Defendant") for injuries she suffered from a car accident. Throughout pretrial proceedings, Plaintiff indicated to Defendant that she was pursuing damages for her future lost income on the grounds that she was unable to continue working at her old jobs because of her injuries. But in the final pretrial order, Plaintiff's itemized damages included only a few hundred dollars for lost wages—a few orders of magnitude less than the tens of thousands of dollars Plaintiff had claimed to be missing out on annually. Accordingly, upon a motion from Plaintiff during trial, the district court amended the pretrial order to include Plaintiff's claim for future lost wages, admitted evidence on the issue, and instructed the jury on it as well—all over Defendant's objections. The jury returned a verdict in favor of Plaintiff. Defendant moved for a new trial, contending that the district court had erred by admitting evidence on Plaintiff's future lost wages and by instructing the jury on the issue. The district court denied the motion on the ground that, after amending the pretrial order, the evidence and jury instructions were relevant to an issue properly before the jury.

On appeal, Defendant contends that the district court erred by amending the pretrial order and by improperly analyzing Defendant's motion for a new trial. Because the district court was well within its discretion to amend the order and

2

properly addressed the issues in Defendant's motion for a new trial, we affirm the district court's rulings.

## I.     BACKGROUND

In October 2013, while driving eastbound down Georgia Highway 11, Defendant rear-ended Plaintiff and her husband while they were stopped waiting to turn off the highway. Two years later, Plaintiff, a Tennessee resident, filed this lawsuit against Defendant, a Georgia resident, for negligence. In her complaint, Plaintiff claimed to have sustained serious injuries from the accident and sought damages, including "past, present, and future lost income." Plaintiff's initial disclosures, filed in December 2015, also indicated that she was seeking "Future Lost Wages," in addition to past lost wages and other damages. In February 2016, Plaintiff's answers to interrogatories identified that she was seeking lost wages but did not specify whether it was for past or future lost income.

In May 2016, the parties submitted to the district court a jointly-prepared pretrial order that stipulated to Defendant's responsibility for the accident and limited the issues at trial to whether the accident was the proximate cause of Plaintiff's injuries and the amount of damages. The proposed pretrial order also listed "each item of damage claimed." The order expressly stated that "[i]tems of damage not identified in this manner shall not be recoverable" and further noted

3

that the order "supersedes the pleadings which are hereby amended to conform hereto." Plaintiff's itemized damages listed only $492.28 for "lost wages" and did not specify whether this was past or future lost income.

On June 2, 2016, Defendant's counsel deposed Plaintiff. Before the deposition, Plaintiff's counsel told Defendant's counsel that Plaintiff had lost her job. As a result of this conversation, Plaintiff's counsel believed that it was clear that Defendant knew Plaintiff was seeking future lost wages. During Plaintiff's deposition, Defendant's counsel asked a number of questions about Plaintiff's income before the accident, her current income, and her expected future income to "get an idea of the loss." Shortly after the deposition, on June 22, the district court held a pretrial conference and entered the pretrial order without change. That is, the order listed only $492.28 as "lost wages." Nevertheless, in October 2016, two days before trial, Plaintiff submitted proposed jury instructions that requested two separate instructions on future lost earnings.

At trial, Defendant's primary theory of defense was that Plaintiff's injuries were caused by pre-existing medical issues either unrelated or not attributable solely to the accident. Plaintiff testified, but as she began testifying that she had lost her job because of the accident and asserted a corresponding decrease in her annual income, Defendant's counsel objected that this evidence was beyond the

4

scope of the pretrial order. Plaintiff's counsel responded that the amount listed in the pretrial order was only for past lost wages, not future lost wages, and moved to amend the pretrial order to include damages for future lost income. The district court overruled Defendant's objection and allowed Plaintiff to testify to what her anticipated future earnings had been before the accident. The district court and both parties acknowledged that, by doing so, the district court implicitly amended the pretrial order to include Plaintiff's claim for future lost earnings. Plaintiff proceeded to testify about how she now earned roughly $40,000 less per year as a result of being unable to work at her previous jobs because of her injuries.

By the end of trial, Plaintiff had presented evidence and argued for approximately $2,280,000 in damages, including $960,000 in future lost earnings, $160,000 in past and future medical expenses, and $1,160,000 for pain and suffering. Defendant objected to the proposed jury instructions on future lost wages, but the court overruled this objection. The jury returned a verdict in favor of Plaintiff for $1,070,288. The jury used a general verdict form that did not indicate how much of the award was attributable to any specific type of damages.

Defendant moved for a new trial on the ground that the district court had erred by improperly admitting evidence of Plaintiff's future lost wages and instructing the jury on the issue. Defendant's counsel attached an affidavit to the

motion stating that because he had relied on the pretrial order, he was not prepared to defend against a claim for future lost wages, and he would have conducted the trial differently had he been aware of it. The district court denied the motion noting that because Defendant's counsel had been made aware that Plaintiff lost her job before her deposition, he was able to depose Plaintiff on the issue of future lost earnings. Thus, Defendant was not prejudiced by amending the pretrial order to include the claim. Because amendment was appropriate, the court concluded that Plaintiff's future lost wages were properly at issue in the trial, and the admission of relevant evidence and instruction of the jury on the issue were therefore correct.

Defendant appealed to this Court under 28 U.S.C. § 1291, arguing that the district court erred by amending the pretrial order to include Plaintiff's claim for future lost wages and improperly analyzing the issue when denying Defendant's motion for a new trial.

## II.    STANDARD OF REVIEW

We review a district court's decision to amend a final pretrial order for abuse of discretion. *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1080 (11th Cir. 2016) (citing *Morro v. City of Birmingham*, 117 F.3d 508, 513, 515–16 (11th Cir. 1997)). A district court abuses its discretion when "its action could be deemed

6

arbitrary," *id.* (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)), or if it misapplies the law, *Rodriguez v. City of Doral*, 863 F.3d 1343, 1349 (11th Cir. 2017) (citing *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Services*, 225 F.3d 1208, 1218 (11th Cir. 2000)).  In the context of amending a final pretrial order, we have recognized that "[a] district court has 'broad discretion' to construe its own pretrial orders and we afford substantial deference to a trial court's decision to allow (or disallow) amendments to pretrial orders." *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1334 (11th Cir. 2005) (quoting *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1323 (11th Cir. 2004)).  Thus, "[t]here is a presumption that a pretrial order will be amended in the interest of justice and sound judicial administration provided there is no substantial injury or prejudice to the opposing party or inconvenience to the court." *United States v. Varner*, 13 F.3d 1503, 1507–08 (11th Cir. 1994).  If amendment would cause substantial injury to a party or inconvenience to the court, then a court may amend the pretrial order only to avoid manifest injustice.  *Id.* at 1508; *see* Fed. R. Civ. P. 16(e).

We review a district court's denial of a motion for a new trial for abuse of discretion as well.  *Knight through Kerr v. Miami-Dade Cty.*, 856 F.3d 795, 807 (11th Cir. 2017) (citing *Hercaire Int'l, Inc. v. Argentina*, 821 F.2d 559, 562 (11th

7

Cir. 1987)).  Deference to the district court is "particularly appropriate" in instances like this where the court denied the motion and left the jury's verdict "undisturbed."  *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1255 (11th Cir. 2016) (quoting *Rosenfield v. Wellington Leisure Prods., Inc.*, 827 F.2d 1493, 1498 (11th Cir. 1987)).

## III.    DISCUSSION

### A.    Motion to Amend the Pretrial Order

Defendant raises two grounds in support of his challenge to the district court's grant of Plaintiff's motion to amend the pretrial order.  First, Defendant contends that he suffered substantial prejudice because he relied on the pretrial order in crafting his trial strategy and was not prepared to defend against a claim for future lost wages.  Had he been aware of Plaintiff's claim, Defendant's counsel asserts that he would have explored the claim further and would have at least presented expert testimony on the present cash value of Plaintiff's expected future wages.

The record, however, indicates that Defendant was, or at least should have been, aware that Plaintiff intended to seek recovery for future lost wages.  The complaint specifically stated that Plaintiff sought to recover damages for her "past,

8

present, and *future* lost income." (Emphasis added.) And her initial disclosures listed her damages as including "Future Lost Wages."

After the parties submitted the pretrial order, Plaintiff was deposed in June 2016. At that point, which was five months before trial, Plaintiff's counsel informed Defendant's counsel that Plaintiff had lost her job. Plaintiff's counsel believed it was understood from this conversation that Plaintiff intended to assert a claim for future lost wages. That Defendant was aware of Plaintiff's intentions is confirmed by the questions Defendant's counsel asked at Plaintiff's deposition. Defendant's counsel inquired about when and why Plaintiff lost her old jobs and how much she had made, what Plaintiff was currently doing for work and what her current salary was, what she expected to make going forward, and whether she had applied for and expected to receive disability. Notably, in the middle of this questioning, Defendant's counsel stated that he was asking about Plaintiff's current salary specifically to "get an idea of the loss here." It is not apparent why Defendant's counsel would ask about Defendant's current and projected income unless he was aware of Plaintiff's claim for future lost wages.

Regardless of whether Defendant was aware of Plaintiff's claim for future lost wages by the time of Plaintiff's deposition, Defendant was on notice of this claim shortly before trial when Plaintiff requested jury instructions that included

9

two instructions on future lost earnings.  At no point before trial did Defendant object, ask for a continuance, or make any effort to clarify whether Plaintiff was pursuing future lost wages.  In addition, the district court observed during trial that it believed that Plaintiff's claim for future lost wages was "what this case was all about" and was "shocked" to discover that the claim was not in the pretrial order.

Because the record reflects that Defendant was, or at least should have been, aware of Plaintiff's claim for future lost wages and had the opportunity to prepare for it, we cannot conclude that Defendant suffered substantial prejudice or injury from the district court's amendment of the pretrial order.  *Cf. Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263–64 (11th Cir. 1988) (holding that a district court's decision to allow a party to raise a defense at trial that was not included in the pleadings was not prejudicial because the opposing party had notice that the defense would be raised).

Second, Defendant contends that Plaintiff would not have been prejudiced if the district court had denied the motion to amend.  But this assertion is obviously not correct.  Had the amendment not been allowed, Plaintiff would have been prevented from presenting a significant portion of her damages.  Also, because Defendant cannot establish substantial injury, the presumption that amendment

10

will be allowed applies and we need not delve further.  *See Varner*, 13 F.3d at 1507–08.

Because Defendant has failed to show that the district court abused its discretion, we affirm the district court's decision to amend the pretrial order.  *See Santiago v. Lykes Bros. S.S. Co., Inc.*, 986 F.2d 423, 427 (11th Cir. 1993) (noting that a district court did not abuse its discretion by instructing the jury on a theory not included in the pretrial order).

### B.    Motion for a New Trial

Defendant also argues that the district court abused its discretion by denying Defendant's motion for a new trial, relying on essentially the same grounds Defendant used in challenging the district court's approval of the amendment of the pretrial order.  First, Defendant asserts that the district court erred when it concluded that Defendant was not prejudiced by the amendment.   But, as already discussed, the record supports the district court's conclusion that Defendant was not unfairly prejudiced because he had been given notice of Plaintiff's claim for future lost wages and had the opportunity to prepare to defend that claim.

Second, Defendant contends that the district court applied the wrong legal standard by failing to determine whether Plaintiff would have suffered manifest injustice if she had not been allowed to amend the pretrial order.  But the district

11

court did conclude that denying amendment and excluding evidence on Plaintiff's future lost wages "would have hindered plaintiff in presenting her case on the merits." And, again, because Defendant cannot show that he was substantially injured by the amendment, the district court was allowed to exercise its discretion and amend the pretrial order. *See Varner*, 13 F.3d at 1507–08.

Altogether, the district court properly analyzed Defendant's motion for a new trial, and we hold that the district court did not abuse its discretion in denying the motion.

## IV.    CONCLUSION

We find no error in the district court's amendment of the pretrial order or its denial of Defendant's motion for a new trial. Accordingly, we **AFFIRM**.

12