**1700 OCEAN AVENUE CORPORATION, a California corporation, et al., Appellants,**

v.

**GBR ASSOCIATES, a foreign corporation, Appellee.**

No. 19963.

United States Court of Appeals
Ninth Circuit.

Dec. 29, 1965.

Rehearing Denied Jan. 28, 1966.

Volney F. Morin, Robert B. Lisker, Harlean M. Carroll, Los Angeles, Cal., for appellants.

Alfred L. Swanger, Russell, Bebout & Swanger, Santa Monica, Cal., for appellee.

Before CHAMBERS, BARNES and DUNIWAY, Circuit Judges.

CHAMBERS, Circuit Judge:

The judgment appealed from is affirmed.

Below, GBR Associates, a Canadian corporation, sued 1700 Ocean Avenue Corporation, a California company, on an express written contract dated October 31, 1960. The case ended up in a judgment for the former against the latter on quantum meruit, the reasonable value of the services.

On October 31, 1960, the date of the execution of the contract which became the root of the case, the 1700 Corporation was

in a Chapter XI bankruptcy proceeding with a receiver, Irving Sulmeyer, authorized by the court "to continue and carry on the business." Neither the receiver nor the court actually expressly authorized the signing of the contract by one Mugleston who had purchased all of 1700's stock which remained in escrow. It was Mugleston who put the corporation into the Chapter XI proceeding. During the receivership, it seems to be conceded, Mugleston was everywhere helping the receiver run the corporation. The officers and directors had not been enjoined from doing such things.

The main asset of the corporation is the Surf Rider Inn Motel in Santa Monica, California. Counsel at argument in this court said that since the inn was built, there have always been plans to build more units. Mugleston, in his purchase contract, agreed to build 45 more units. On these units, GBR Associates did architectural work

We have in the record the pleadings and the trial exhibits, but we were brought no transcript of the evidence of the four trial days. Thus, we are in no position to say the quantum meruit judgment was wrong. The trial court must have held there were fatal infirmities in the execution of the written contract, but it seems clear that GBR Associates were not volunteers. Without the transcript, we know of no reason why 1700 Ocean Avenue should not pay the reasonable value of the services which by its findings the court found. (Mugleston who made the contract has lost control of the corporation to others.) If the work were of no value to the corporation, we might have a different case. But, again, we are in no position to say it was of no value. Appellant says it was of no value. But we could only resolve that on a record.

■ Appellants question the result, saying an express contract was pleaded and the case ended in quantum meruit. But the defendant knew that quantum meruit lurked. One of the legal questions listed in the pretrial order was:

"(H) Whether plaintiff is entitled to the reasonable value of its services in the event said agreement is held to have no legal effect."

Obviously, the issue was before the court. Also, if there were a transcript, this court could see whether the case came under Rule 15(b) of the Federal Rules of Civil Procedure.

■ 1700 says that the law of a Canadian province made the practice of architecture by a corporation illegal. It connects the agreement in several ways to that province. Thus, it says the architectural corporation violated the province's law in connection with the contract. This was raised as no issue in the pre-trial order. We have no way of knowing whether this was attempted to be raised at the trial. In the absence of a showing at the trial that some other law than that of the forum was applicable, and proof of it, the presumption would be that the foreign law, if applicable, would be the same as California's. Medina Fernandez v. Hartman, 9 Cir., 260 F.2d 569, 570. San Rafael Compania Naviera, S.A. v. American Smelting & Refining Co., 9 Cir., 327 F.2d 581. No contention is made of the illegality of the services under California law. And, on the abbreviated record here, it would appear that Canadian law was brought up post trial.

■ The presumption of the regularity of the judgment, absent the oral evidence and record of the trial proceedings, must prevail on this review.