**Betty W. WOOD, Plaintiff,**

v.

**MUTUAL OF NEW YORK LIFE INSUR-
ANCE COMPANY, Defendant.**

**No. CA75-H-869-J.**

United States District Court,
N. D. Alabama,
Jasper Division.

Sept. 10, 1975.

James K. Davis, Fite, Davis & Fite,
Hamilton, Ala., for plaintiff.

Laurence D. Vinson, Jr., Bradley, Ar-
ant, Rose & White, Birmingham, Ala.,
for defendant.

## ORDER

HANCOCK, District Judge.

This cause came on to be heard before
the court at a regularly scheduled mo-
tion docket on September 5, 1975, upon
motion of plaintiff to strike the first de-
fense, the second defense, the fourth de-
fense and the fifth defense of defend-
ant's answer. The court has considered
the motion as well as the supporting and
opposing briefs, affidavits and exhibits
and is of the opinion that the motion is
due to be overruled and denied.

On June 9, 1975, Betty W. Wood filed
suit in the Marion County Superior
Court for the Fourth Judicial Circuit of
Alabama against Mutual of New York
Life Insurance Company (MONY) to re-
cover on a policy of insurance which had
been issued on or about June 30, 1960,
insuring the life of her husband, James
A. Wood. The action was removed here
by the defendant pursuant to the court's
diversity of citizenship jurisdiction.
The parties herein admit that said poli-
cy of insurance, insuring the life of
James A. Wood, was in fact issued on or
about June 30, 1960. In her complaint,
plaintiff alleges that James A. Wood
died on December 8, 1961, and that de-
fendant had notice of said fact. Plain-
tiff further alleges that the $25,000 face
amount of the policy is now due and
that she is the beneficiary of the pro-
ceeds of the policy.

By way of its answer, filed and served
on July 3, 1975, the defendant asserts,
inter alia, that the plaintiff's claim is
barred by the applicable statute of limi-
tations. On August 1, 1975, the plain-
tiff moved the court to strike certain of
MONY's defenses, including the second
defense of the statute of limitations.
Plaintiff contends that MONY had pre-
viously denied liability on the ground
that the policy was not in force and ef-
fect at Mr. Wood's death, and that it
cannot now insist on another ground,
namely, the statute of limitations.

In support of her contention, plaintiff
relies upon the affidavit of Mr. Rankin
Fite, her attorney. In essence, Mr. Fite
states that through correspondence with
MONY in December, 1974, and January,
1975, MONY indicated that its position
was that the policy had terminated with-
out value in June, 1961. Mr. Fite fur-
ther states that he never received notice

from MONY that it was asserting any defense other than lapse of the policy without value in June, 1961.

For the purpose of deciding plaintiff's motion to strike, the court proceeds upon the assumption that defendant does not contest the above statements of Mr. Fite. In other words, the court, as a matter of law, will decide the propriety of the statute of limitations defense based upon the undisputed facts as they have developed to date.

■■ Under Alabama case law when an insurer denies the existence of a contract of insurance upon notice of a claim under the policy, such acts as a waiver of other defenses which the insurer might later seek to assert. *See, e. g., Home Insurance Company v. Scharnagel,* 227 Ala. 60, 148 So. 596 (1933); *Liverpool & London & Globe Insurance Company v. McCree,* 213 Ala. 534, 105 So. 901 (1925). However, a careful review of these authorities indicates that there is a significant qualification to the foregoing principle. Under such qualification, defenses which are capable of being waived under the principle outlined above are limited to defenses arising out of an express condition contained in the insurance contract. Here, the statute of limitations raised by the defendant is a procedural bar imposed by reason of law and not a defense conferred upon the insurer because of a contractual undertaking. Plaintiff has not shown conditions upon which the running of the statute is tolled or upon which the statute is waived or removed. Therefore, the court is of the opinion that the statute of limitations may be an appropriate defense.

Accordingly, it is hereby ordered that plaintiff's motion to strike defendant's defense of the statute of limitations is overruled. It is further ordered that the motion as addressed to other defenses is likewise overruled.