**MUTUAL SERVICE CASUALTY INSURANCE COMPANY,**
Plaintiff,

v.

**FRIT INDUSTRIES, INC.,**
et. al., Defendants.

Civ. A. No. 92–T–306–S.

United States District Court,
M.D. Alabama, S.D.

Oct. 13, 1992.

Clyde C. Owen, Montgomery, Ala., for plaintiff.

Robert A. Huffaker, Rushton, Stakely, Johnston & Garrett, Montgomery, Ala., and James Donald Cowan, Jr. and Jonathan Arthur Berkelhammer, Smith, Helms, Mulliss & Moore, Greensboro, N.C., for Frit Industries, Inc.

Les Hayes, III and James E. Williams, Melton, Espy, Williams & Hayes, Montgomery, Ala., for defendants Inter–Industry Ins. Co. Ltd., Insurco Int'l Ltd. and Agrichem Ins. Co. Ltd.

## MEMORANDUM OPINION

MYRON H. THOMPSON, Chief Judge.

Plaintiff Mutual Service Casualty Insurance Company has brought this lawsuit under the Declaratory Judgment Act, 28 U.S.C.A. § 2201, to determine the rights and duties of all parties in relation to several insurance policies. The company has invoked the jurisdiction of the court pursuant to 28 U.S.C.A. § 1332 (diversity of citizenship). The defendants are Frit Industries, Inc., Inter–Industry Insurance Company, Ltd., Insurco International, Ltd., Agrichem Insurance Company, Ltd., First State Insurance Company, and Employers Insurance of Wausau. To resolve these same issues, Inter–Industry has filed an action for declaratory and injunctive relief in the High Court of Justice of the Isle of Man, and Insurco and Agrichem have brought a similar action in the Grand Court of the Cayman Islands. This cause is now before this court on motions filed by Frit Industries and Mutual Service requesting that this court enjoin these two foreign proceedings. For the reasons that follow, the court concludes that the motions should be granted in part and denied in part.

## I. BACKGROUND

On March 5, 1992, Mutual Service filed the lawsuit against the defendants. Mutual Service, Inter–Industry, Insurco, Agrichem, First State, and Wausau have all issued insurance policies to Frit Industries. Mutual Service is seeking a determination of the duties of all of Frit Industries's insurers to defend and provide coverage to the company in three lawsuits pending against the company in North Carolina. Under an agreement with First State and Wausau, Mutual Service has contributed to the defense costs for two of the underlying lawsuits. Inter–Industry, Insurco, and Agrichem have denied coverage to Frit Industries under their policies. On May 13, Frit Industries filed a counterclaim against Mutual Service and cross-claims against Inter–Industry, Insurco, and Agrichem. Frit Industries contends that these three insurance companies have a duty to defend it in the three underlying lawsuits and to pay any judgment or settlement rendered against it.

Inter–Industry has its principal place of business and is incorporated in the Isle of Man, British Isles. On June 23, the insurance company filed an action for declaratory and injunctive relief in the High Court of Justice of the Isle of Man, naming Frit Industries and Mutual Service as defendants. Inter–Industry is asking the Isle of Man court to interpret the two policies it issued to Frit Industries and to determine whether it has a duty to defend Frit Industries in the underlying suits or to indemnify either Frit Industries or Mutual Service. Inter–Industry has also made two significant additional requests: first, an injunction prohibiting Mutual Service and Frit

Industries from proceeding further with their action for declaratory judgment before this court and, second, a declaration that all questions relating to Inter–Industry's duties be determined within the Isle of Man proceedings.

Insurco and Agrichem have their principal places of business and are incorporated in the Cayman Islands, British West Indies. On June 24, the two companies filed a lawsuit in the Grand Court of the Cayman Islands, again naming Frit Industries and Mutual Service as defendants. Insurco and Agrichem are seeking a declaratory judgment to determine their duties to Frit Industries under the insurance policies they issued to the company.

In their motions before this court, Frit Industries and Mutual Service ask this court to enjoin Inter–Industry, Insurco, and Agrichem from proceeding with their suits in the courts of the Isle of Man and the Cayman Islands.

## II. DISCUSSION

Federal courts have the discretionary power to enjoin parties subject to their jurisdiction from pursuing parallel in personam litigation before a foreign tribunal. *China Trade & Dev. v. M.V. Choong Yong,* 837 F.2d 33, 35 (2nd Cir.1987); *Laker Airways, Ltd. v. Sabena, Belgian World Airlines,* 731 F.2d 909, 926 (D.C.Cir.1984); *Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League,* 652 F.2d 852, 855 (9th Cir.1981), *cert. denied,* 457 U.S. 1105, 102 S.Ct. 2902, 73 L.Ed.2d 1313 (1982). Although there is no precise test to determine when such an injunction would be appropriate, two threshold conditions are generally required. First, the parties and issues in the foreign action are identical to the parties in the action before the enjoining court, and, second, the resolution of the case before the enjoining court will be dispositive of the action in the foreign court. *See, e.g., China Trade,* 837 F.2d at 36; *Cargill, Inc. v. Hartford Accident and Indemnity Co.,*

531 F.Supp. 710, 715 (D.Minn.1982). Frit Industries and Mutual Service argue, and a number of courts have held, that, with a showing of these threshold conditions, an injunction against a parallel in personam foreign proceeding would be appropriate upon a simple further showing that the injunction would avoid delay, expense, and inconvenience and promote judicial economy, *see, e.g., Seattle Totems Hockey Club,* 652 F.2d at 856; *Cargill,* 531 F.Supp. at 715, or the injunction would prevent a race-to-judgment or avoid potentially inconsistent rulings that might result from separate adjudications. *See, e.g., Seattle Totems Hockey Club,* 652 F.2d at 856; *American Home Assurance Co. v. Ins. Corp. of Ireland Ltd.,* 603 F.Supp. 636, 643 (S.D.N.Y.1984); *Garpeg, Ltd. v. United States,* 583 F.Supp. 789, 798 (S.D.N.Y. 1984). If this court agreed that these circumstances—duplication of parties and issues supplemented by such evidence as that an injunction would avoid delay, expense, and inconvenience and promote judicial economy—would alone support issuance of an injunction against a parallel in personam foreign proceeding, then Frit Industries and Mutual Service would be entitled to have their motions for injunctive relief granted in full; the record before the court fully establishes these circumstances.[1]

However, for several reasons, this court disagrees that the above showing is adequate for issuance of an injunction against a parallel in personam foreign proceeding. First, although duplication of issues and parties may be threshold conditions, they simply point out the obvious and are not effective and instructive standards by which a court could determine whether to issue an injunction against a foreign proceeding; a duplication of parties and issues will almost always be present whenever there are parallel in personam proceedings. Second, the additional showings that Frit Industries and Mutual Service would require—judicial economy, race-to-

1. In response to Frit Industries and Mutual Service's motions, Inter–Industry, Insurco, and Agrichem have contested this court's in personam jurisdiction over them. In its order of August 28, 1992, the court rejected this contention, and these defendants have not presented any new evidence that would warrant a different conclusion today.

judgment, and potentially inconsistent judgments—do not withstand close scrutiny. Concerns for judicial economy are, in the first instance, more properly considered in a motion for *forum non conveniens*. *Laker Airways*, 731 F.2d at 928. Assuming that the possibility of a race-to-judgment and potentially inconsistent judgments are real concerns, they would appear whenever there are parallel actions.[2] Moreover, there is little evidence that courts sacrifice procedural or substantive justice in a "race" to judgment, *Laker Airways*, 731 F.2d at 929, and, because once one court reaches a judgment in a matter, that judgment may be pled as res judicata in the other, *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285 (1939); *Hilton v. Guyot*, 159 U.S. 113, 205–06, 16 S.Ct. 139, 159–60, 40 L.Ed. 95 (1895), the fear of inconsistent adjudications is baseless.[3]

Third, the power to enjoin foreign proceedings raises significant and substantial issues of international comity and sovereignty. *Gau Shan Co., Ltd. v. Bankers Trust Co.*, 956 F.2d 1349, 1354–55 (6th Cir. 1992); *China Trade*, 837 F.2d at 35–36. Although such an injunction would operate against only the parties and not directly against the foreign court, it would nevertheless effectively restrict the jurisdiction of the foreign court. It would therefore cut off the right of an independent forum to exercise its power over matters subject to its jurisdiction. *United States v. Davis*, 767 F.2d 1025, 1038 (2nd Cir.1985); *see also Peck v. Jenness*, 48 U.S. (7 How.) 612, 625, 12 L.Ed. 841 (1849). Frit Industries and Mutual Service respond that, although this may be a concern in general, no sovereign interests are implicated in Insurco and Agrichem's action before the Grand Court of the Cayman Islands. Frit Industries and Mutual Service argue that, because Insurco's insurance license prohibits it from selling insurance that covers risks within the borders of the Cayman Islands, the Cayman Islands has no interest in the litigation and no need to interpret insurance policies that cover risks outside its borders. But the fact that Insurco cannot sell policies that cover risks within the Cayman Islands in no way affects the Cayman Islands's interest in the policies that Insurco does sell. The Cayman Islands licenses and regulates the insurance industry within its borders, and all of Insurco's policies are issued under Cayman Islands's law, regardless of what they cover. Therefore, the Cayman Islands has a significant interest in overseeing the policies sold by Insurco, a Cayman Islands corporation subject to Cay-

---

**2.** Although not directly applicable in this case, the policies underlying the Anti–Injunction Act, 28 U.S.C.A. § 2283, are instructive. The act allows a federal court to issue an injunction of a state-court proceeding "where necessary in aid of its jurisdiction," but this exception is narrowly construed and cannot be invoked simply because of the prospect that a concurrent state proceeding might result in a judgment inconsistent with the federal court's decision. *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 294–296, 90 S.Ct. 1739, 1747–48, 26 L.Ed.2d 234 (1970); *see also Nat'l R.R. Passenger Corp. v. Florida*, 929 F.2d 1532, 1535–36 (11th Cir.1991) (emphasizing that exceptions to Anti–Injunction Act be narrowly construed).

Similarly, the statute permits a federal court to issue an injunction to "protect or effectuate its judgments," but this exception does not "permit a federal court to enjoin state proceedings to protect a judgment that the federal court may make in the future but has not yet made. To allow this would run afoul of the rule that in personam actions involving the same controversy may proceed simultaneously in both state

and federal courts." 17 C. Wright, A. Miller, & K. Graham, Federal Practice and Procedure § 4226 (1988).

**3.** The rule favoring parallel proceedings in matters subject to concurrent jurisdiction applies primarily to requests for injunctions prior to a judgment on the merits. Where one court has already reached a decision, there is less justification for permitting relitigation by another court and a court may act to protect the integrity of its judgment. *Laker Airways*, 731 F.2d at 928 & n. 53; *see, e.g., Bethell v. Peace*, 441 F.2d 495 (5th Cir.1971) (enjoining foreign proceeding to prevent relitigation of issue decided on the merits).

Similarly, the Anti–Injunction Act provides that a federal court may grant an injunction of a state proceeding "to protect or effectuate its judgments." 28 U.S.C.A. § 2283. This "relitigation exception" was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146–47, 108 S.Ct. 1684, 1689–90, 100 L.Ed.2d 127 (1988).

man Islands's law and regulation, and this court must respect that interest. Frit Industries and Mutual Service's motions raise issues of international comity and sovereignty with regard to both the Cayman Islands and Isle of Man litigation.

■ Fourth and finally, it is a well established part of this country's jurisprudence that, when two sovereigns have concurrent in personam jurisdiction, one court will ordinarily not interfere with or try to restrain proceedings before the other. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *Donovan v. City of Dallas,* 377 U.S. 408, 412, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964). "[W]here the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other." *Princess Lida of Thurn & Taxis v. Thompson,* 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285 (1939).[4] This principle of comity, which limits the discretion of courts within our dual federal-state court system to interfere with concurrent proceedings, has often been applied to cases where one of the actions is in a foreign jurisdiction. *Compagnie Des Bauxites de Guinea v. Ins. Co. of North America,* 651 F.2d 877, 887 (3rd Cir.1981), *aff'd on other grounds,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). In fact, the policies of comity and mutual respect are even more compelling in the international context where an injunction would affect the exercise of jurisdiction in independent sovereign nations. *Gau Shan Co.,* 956 F.2d at 1354–55; *Laker Airways,* 731 F.2d at 927–28 n. 52; *Canadian Filters Ltd. v. Lear–Siegler, Inc.,* 412 F.2d 577, 578 (1st Cir.1969). For these reasons, injunctions restraining litigants from proceeding in courts of independent countries should be "used sparingly," *United States v. Davis,* 767 F.2d 1025, 1038 (2nd Cir. 1985), and granted "only with care and great restraint." *Canadian Filters,* 412 F.2d at 578.[5]

■ For the above reasons, this court rejects the argument that duplication of parties and issues, supplemented by some showing of judicial economy, race-to-judgment, or potentially inconsistent judgments, would justify an injunction against a parallel in personam foreign proceeding. Instead, other circumstances, sufficiently significant and substantial to outweigh the important principles of comity and mutual respect owed to concurrent foreign proceedings, must be present before a court may properly and wisely enjoin a foreign proceeding. *Gau Shan Co.,* 956 F.2d at 1354–55; *China Trade,* 837 F.2d at 36; *Sea Containers Ltd. v. Stena AB,* 890 F.2d 1205, 1214 (D.C.Cir.1989); *Laker Airways,* 731 F.2d at 928; *Compagnie Des Bauxites,* 651 F.2d at 887; *Black & Decker Corp. v. Sanyei America Corp.,* 650 F.Supp. 406 (N.D.Ill.1986). This court agrees with the District of Columbia Circuit that injunctions of foreign proceedings are appropriate when necessary to prevent a "miscarriage of justice." *Laker Airways,* 731 F.2d

---

**4.** In contrast, in proceedings *in rem* or *quasi in rem,* usually the court assuming jurisdiction over the *property* first may exercise that jurisdiction to the exclusion of other courts. *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246; *Donovan,* 377 U.S. at 412, 84 S.Ct. at 1582.

**5.** The policies underlying the Anti–Injunction Act, 28 U.S.C.A. § 2283, are again instructive. They also indicate that federal courts should proceed with restraint in interfering with foreign courts. The act removes from federal courts the equitable power to grant injunctions to stay state-court proceedings "except as expressly authorized by Act of Congress or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C.A. § 2283.

In contrast, where two courts are of the same sovereignty, considerations of judicial administration and conservation of judicial resources predominate and the general principle is to avoid duplicative litigation. *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246; *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183–84, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952). When two competing lawsuits are filed in different federal district courts, a first-filed rule usually applies. The court first obtaining jurisdiction may enjoin the subsequent proceeding filed in another federal court. *See, e.g., Adam v. Jacobs,* 950 F.2d 89, 92 (2nd Cir.1991).

at 927. These circumstances will most often exist, first, when the foreign court's action threatens the jurisdiction of the enjoining court or, second, when a party attempts to evade or frustrate a forum's important public policies by litigating in a foreign court. *See Gau Shan Co.,* 956 F.2d at 1354–55; *China Trade,* 837 F.2d at 36; *Laker Airways,* 731 F.2d at 927.[6] The critical question for this court, therefore, is whether either or both of these additional circumstances exist with regard to the litigation in the courts of the Isle of Man and the Cayman Islands.

■ *Important Public Policies.* Although there is no clear-cut rule regarding what constitutes an enjoinable evasion of forum law and policy, the availability of slight advantages in the substantive or procedural law to be applied in the foreign court is not sufficient. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). An impermissible evasion is more likely to be found when a party attempts to avoid compliance with a statute of specific applicability in the domestic forum. *Laker Airways,* 731 F.2d at 931 n. 73. In this case, no federal or state statutes are involved, nor have any constitutional issues been raised. The case involves the interpretation of insurance policies to determine the scope of coverage.

The facts in this case are also not comparable to those in the former Fifth Circuit case of *In re Unterweser Reederei, GMBH v. M/S Bremen,* 428 F.2d 888 (1970), *rev'd on other grounds sub nom. Bremen v. Zapata Offshore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). There, the appellate court upheld a lower court's injunction prohibiting foreign litigation to prevent evasion of the domestic court's public policies. If the foreign litigation had been allowed to proceed, the English courts would have enforced provisions of a contract that were contrary to domestic public policy and unenforceable in American courts. An injunction was thus justified to prevent "inequitable hardship" and frustration of the domestic court's policies regarding contracts. *In re Unterweser Reederei,* 428 F.2d at 896.[7] In this case in contrast, Frit Industries and Mutual Service have presented no evidence that either Inter-Industry, Insurco, or Agrichem is attempting to evade any important public policies of this forum by asking the foreign courts to interpret their insurance policies. Concerns for public policies do not warrant an injunction against the litigation in the courts of either the Isle of Man or the Cayman Islands.

■ *Protecting Jurisdiction.* Concerns regarding this court's continued jurisdiction do, however, warrant a limited injunction against Inter-Industry's suit in the High Court of the Isle of Man. The Isle of Man suit is in part an attempt to avoid the jurisdiction of this court. In addition to asking for a declaratory judgment, the insurance company has requested that the High Court of Justice of the Isle of Man issue an injunction prohibiting Frit Industries and Mutual Service from continuing with their claims for declaratory relief before this court. Inter-Industry's foreign litigation is therefore not entirely parallel to the proceeding before this court; it is instead an attempt to carve out exclusive jurisdiction over the action in the Isle of Man and to terminate the action before this court.

---

6. The court is not suggesting that these two circumstances are the only ones. For example, the record does not support a fact situation in which one party seeks to defeat its opponent by financially bludgeoning it with duplicative foreign lawsuits and in which the opponent has no means by which to seek fair redress in foreign courts for such extremely vexatious and prohibitively burdensome conduct. This court, therefore, does not have to resolve whether that situation or a related one would warrant an injunction against such foreign litigation.

7. This court disagrees with the Sixth Circuit's characterization of *In re Unterweser Reederei* as standing for the proposition that a duplication of parties and issues is alone sufficient to justify a foreign anti-suit injunction. *Gau Shan Co.,* 956 F.2d at 1353. The basis for the former Fifth Circuit's holding was to avoid the "inequitable hardship" that would have resulted if the foreign proceeding were allowed to continue and contract provisions, which were contrary to American public policy because they would have barred complete recovery to one party, were enforced.

This aspect of Inter–Industry's foreign litigation is analogous to the situation in *Laker Airways.* There, after the English Court of Appeal enjoined Laker's litigation of its claims against several British defendants in a United States court under United States law, the United States district court enjoined other defendants in the *Laker Airways* action from seeking similar injunctions from the English Court of Appeal. Notwithstanding its stringent standard for issuing anti-suit injunctions in foreign proceedings, the District of Columbia Circuit upheld the district court's injunction because it was necessary to preserve the court's jurisdiction. Without the injunction, the English proceedings would have been used to terminate the action before the American court. *See also United States v. Davis,* 767 F.2d 1025, 1038–39 (2nd Cir.1985) (upholding injunction of foreign proceeding to ensure complete adjudication of matter before the domestic court).

Because the Isle of Man litigation is being used in part to terminate the action before this court, an injunction is necessary to preserve this court's jurisdiction over this action as well as this court's ability to reach judgment on the matter before it. This case is one of those rare situations where comity must give way to a forum's need to protect its interests. Therefore, this court will enter an order affording relief to Frit Industries and Mutual Service. However, because "[c]omity teaches that the sweep of the injunction should be no broader than necessary to avoid the harm on which the injunction is predicated," *Laker Airways,* 731 F.2d at 933 n. 81, this court will limit its injunction to the following two restrictions: First, Inter–Industry shall be prohibited from pursuing its claim for injunctive relief from the Grand Court of Justice of the Isle of Man to the extent the insurance company seeks an injunction prohibiting Mutual Service and Frit Industries, or any other party to the litigation before this court, from proceeding further with their action for declaratory judgment before this court. Second, Inter–Industry shall be prohibited from pursuing a declaration to the effect that all questions relating to its duties must be determined within the Isle of Man proceedings; because such a declaration would be binding on all parties to the Isle of Man proceeding, it would pose the same threat as an injunction against further proceedings in this court.

Because Insurco and Agrichem's lawsuit in the Grand Court of the Cayman Islands does not contain a similar request for injunctive and declaratory relief, that litigation does not raise the same concerns, and an injunction against it, in whole or in part, is not warranted.

An appropriate order and injunction will be entered.