[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 6, 2004
THOMAS K. KAHN
CLERK

_____

No. 00-15856

_____

D.C. Docket No. 92-00306-CV-T-S

MUTUAL SERVICE INSURANCE
COMPANY,

Plaintiff-Counter-Defendant,

MUTUAL SERVICE CASUALTY
INSURANCE COMPANY,

Plaintiff-Counter-Defendant-
Appellee-Cross-Appellee-
Cross-Appellant,

versus

FRIT INDUSTRIES, INC.,

Defendant-Counter-Claimant-
Cross-Claimant-Appellee,

FIRST STATE INSURANCE COMPANY,
EMPLOYERS INSURANCE OF WAUSAU,

Defendants-Cross-Claimants-
Cross-Appellants,

INTER-INDUSTRY INSURANCE
COMPANY, LTD., INSURCO
INTERNATIONAL, LTD.,
AGRICHEM INSURANCE COMPANY,
LTD.,

Defendants-Cross-Defendants-
Appellants-Cross-Appellees.

_____

Appeals from the United States District Court for the
Middle District of Alabama

_____

**(February 6, 2004)**

Before EDMONDSON, Chief Judge, KRAVITCH and GIBSON[*], Circuit Judges.

JOHN R. GIBSON, Circuit Judge:

Inter-Industry Insurance Company, Insurco International, and Agrichem

Insurance Company appeal from the district court's denial of their motion to

dismiss for lack of personal jurisdiction, from the district court's declaration that

they have a duty to defend their insured, Frit Industries, in product liability suits

filed against Frit in North Carolina state courts, and from the ruling that they

waived their objection to a request for attorneys' fees. Inter-Industry appeals from

the district court's issuance of a permanent injunction against litigation initiated by

Inter-Industry in the Isle of Man. Mutual Service Casualty Insurance Company

_____

*Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

appeals the district court's partial denial of prejudgment interest. Frit Industries cross-appeals the district court's denial of attorneys' fees. We affirm the district court's denial of the motion to dismiss for lack of personal jurisdiction, its grant of summary judgment to Frit Industries on the duty to defend issue, and its issuance of the permanent injunction. We reverse and remand for consideration of whether Frit is entitled to attorneys' fees based on the offshore insurers' failure to admit they had a duty to defend, for a determination of the reasonableness of Mutual Service's attorneys' fees, and for an additional award of prejudgment interest to Mutual Service.

## I.

This case involves an insurance dispute that remained in the district court for nearly ten years and that included a prior interlocutory appeal to this court. Frit Industries is an Alabama corporation that manufactures micronutrients for fertilizers. In 1990, three product liability actions were filed against Frit in North Carolina state court, alleging that exposure to a certain herbicide in Frit's micronutrient mix caused the plaintiffs' cancer. Those lawsuits were removed to federal court, and Frit was ultimately granted summary judgment in all cases, which the Fourth Circuit recently affirmed. Marsh v. W.R. Grace & Co., 2003 WL 22718177 (4th Cir. Nov. 19, 2003) (unpublished).

3

The exposure periods of the North Carolina plaintiffs to the alleged carcinogen in Frit's product ranged from 1984 to at least 1988. Over these years, Frit had numerous insurance policies providing both primary and umbrella coverage. First State Insurance Company provided insurance from April 30, 1983, to April 30, 1986. Employers Insurance of Wausau provided insurance from May 1, 1984, to May 1, 1986. Agrichem Insurance Company, Ltd.[1] provided insurance from April 30, 1984, to June 1, 1987. Inter-Industry Insurance Company, Ltd. provided insurance from June 1, 1987 and continued to provide it at the commencement of this lawsuit. Mutual Service Casualty Insurance Company provided insurance from April 30, 1988, to April 30, 1992. Frit gave notice of the product liability lawsuits to all of these insurers and requested that they protect Frit's interests. After receiving notice of the lawsuits, Wausau acknowledged its duty to provide coverage for and defend Frit. Insurco, Agrichem and Inter-Industry ("the offshore insurers")[2] initially contacted counsel to defend Frit, but subsequently withdrew and denied that they had any duty to defend Frit. First State and Mutual Service defended Frit under a reservation of rights.

---

[1]Originally, Frit was insured by Agrichem. Insurco International later acquired Agrichem and assumed liability for its insurance contracts, including Agrichem's policy with Frit. Because Mutual Service named both as defendants, we refer to both.

[2]Agrichem and Insurco are Cayman Islands companies, and Inter-Industry is an Isle of Man company.

On March 5, 1992, Mutual Service[3] brought this declaratory judgment action in the Middle District of Alabama against Frit, Insurco, Agrichem, Inter-Industry, First State, and Wausau, seeking a determination of each insurer's duties under their respective policies in the product liability actions. Frit filed counter-claims against Mutual Service and cross-claims against the offshore insurers. First State and Wausau (who were defending Frit in the product liability lawsuits along with Mutual Service) filed cross-claims against the offshore insurers.

The parties filed numerous motions, but we will refer only to those relevant to this appeal. The offshore insurers made an initial motion to dismiss based on lack of personal jurisdiction, which the district court denied. Both Frit and the offshore insurers moved for summary judgment. In April, 1993, the district court granted Frit's motion and denied the offshore insurers' motion, finding that under Alabama law the offshore insurers had a duty to defend Frit in the product liability lawsuits. However, the district court did not include in its order a ruling on Mutual Service's initial claim for reimbursement of defense costs already incurred in the product liability actions.

Mutual Service and Frit each moved in May, 1993 to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Mutual Service sought pro

---

[3]The complaint was originally filed under the name, "Mutual Service Insurance Company." Apparently, "Mutual Service Casualty Insurance Company" was the actual party in interest. Mutual Service corrected the terminology in its amended complaint.

rata reimbursement of the amount it had spent defending Frit in the product liability actions and a declaration that all of the insurers would proportionally share in the ongoing costs of defending Frit. To protect their right to enforce the district court's judgment, both Mutual Service and Frit sought a permanent injunction against litigation Inter-Industry had initiated in the Isle of Man.[4]

The district court did not rule on these motions until 1998. It granted Frit's motion to extend and make permanent the relief by enjoining Inter-Industry from seeking adjudication in the Isle of Man of the district court's ability to rule or to seek a substantive ruling on the duty to defend issue. The district court also granted Mutual Service's request for allocation of defense costs among the insurers, but directed the parties to provide additional information with respect to the amount owed to Mutual Service. Frit requested attorneys' fees under Federal Rule of Civil Procedure 37, which the district court denied.

The parties raise a number of issues on appeal. The offshore insurers appeal the district court's denial of their motion to dismiss for lack of personal jurisdiction, the grant of summary judgment to Frit, the issuance of the permanent

---

[4]Frit and Mutual Service had successfully obtained a limited temporary injunction not long after this case began. Mut. Serv. Cas. Ins. Co. v. Frit Indus., Inc., 805 F. Supp. 919, 920 (M.D. Ala. 1992), aff'd, 3 F.3d 442 (11th Cir. 1993). The district court enjoined Inter-Industry from seeking its own injunction against Frit's and Mutual Service's continued prosecution of this case and from pursuing a declaration that the parties' duties should be determined in the Isle of Man. 805 F. Supp. at 925.

injunction against the Isle of Man litigation, and the ruling that they waived their objection to Mutual Service's request for attorneys' fees. Mutual Service appeals the partial denial of its request for prejudgment interest. Frit appeals the denial of its request for attorneys' fees. We address each claim in turn.

## II.

The offshore insurers first argue that the district court lacked personal jurisdiction over them. We review the denial of a motion to dismiss for lack of personal jurisdiction de novo. Cable/Home Communication Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990).

An analysis of whether personal jurisdiction exists requires a two-step inquiry. First, we determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996). Second, we examine whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and

substantial justice." Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).[5]

Alabama's long-arm statute authorizes Alabama courts to assert jurisdiction to the fullest extent constitutionally permissible. See Ala. R. Civ. P. 4.2(a)(2); Sieber v. Campbell, 810 So. 2d 641, 644 (Ala. 2001). Thus, as the offshore insurers concede, the sole contested issue in our personal jurisdiction analysis is whether Alabama's exercise of jurisdiction over the offshore insurers violates due process.

The offshore insurers argue that they have insufficient contacts with Alabama to justify Alabama's assertion of personal jurisdiction over them. They rely on affidavits of the companies' secretaries who assert that each is a foreign corporation with its principal place of business in the Cayman Islands or the Isle of Man, and that neither has conducted business in Alabama.

The district court, however, relied upon the affidavit of Carl E. Schauble, Executive Vice-President of Frit, to find jurisdiction over Insurco, Agrichem and Inter-Industry. Schauble listed each of the liability policies the offshore insurers issued to Frit in Alabama with the dates of coverage, and he asserted that Frit had

---

[5]Foreign corporations receive the protections of the due process clause even though the domestic plaintiff is not guaranteed access to the foreign forum. Sea Lift, Inc. v. Refinadora Costarricense De Petroleo, S.A., 792 F.2d 989, 992 n.2 (11th Cir. 1986).

paid in aggregate over $1,100,000 in insurance premiums to the offshore insurers from Alabama.[6]

Sufficient minimum contacts exist to justify Alabama's exercise of jurisdiction. As we have previously noted, "Since the Supreme Court's decision in McGee v. International Life Ins. Co., 355 U.S. 220, 223 . . . (1957), it has been the law that a company with insurance obligations in a state in which it has no other business has submitted to the jurisdiction of the state's courts." Olivier v. Merritt Dredging Co., Inc., 979 F.2d 827, 833 (11th Cir. 1992); see also Investors Guar. Fund, Ltd. v. Compass Bank, 779 So. 2d 185, 189 (Ala. 2000) (holding Bermuda insurer was subject to suit in Alabama because it "contracted to provide a service in this state and insured a risk located in this state at the time of contracting").

---

[6]The offshore insurers argue that it was improper for the district court to consider the Schauble affidavit because they had no opportunity to cross-examine him. However, when a defendant moves to dismiss for lack of personal jurisdiction, an evidentiary hearing is not required. If the district court does not hold a hearing, the plaintiff must establish a prima facie case of personal jurisdiction. Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988). A prima facie case is established when the plaintiff presents sufficient evidence by way of affidavits or deposition testimony to survive a motion for a directed verdict. Id. The court must construe the allegations in the complaint as true if they are not contradicted by defendant's evidence. When defendant's evidence conflicts with plaintiff's, the district court must construe all reasonable inferences in favor of plaintiff. Id.

In this case, the district court properly considered the Schauble affidavit because the two affidavits the offshore insurers submitted to dispute the assertion of jurisdiction do not contradict the fundamental point of Schauble's affidavit--that Frit is an Alabama corporation, that Frit was insured by the foreign companies, and that Frit paid over $1,000,000 in premiums to the offshore insurers from Alabama.

We next consider whether Alabama's exertion of jurisdiction over the offshore insurers comports with notions of fair play and substantial justice. We consider the burden on the defendant, Alabama's interest in adjudicating the dispute, and the plaintiff's interest in obtaining convenient and effective relief. SEC v. Carrillo, 115 F.3d 1540, 1547 (11th Cir. 1997).

Though there may be some burden on the offshore insurers to defend the suit in Alabama, any burden is slight and not sufficient to defeat jurisdiction in this case. Each insurer freely agreed as part of its insurance arrangement to defend its insureds against litigation, including litigation that arose in the United States. Moreover, despite their status as foreign insurers, "modern methods of transportation and communication" have lessened the burden of defending a suit in a foreign jurisdiction. See id. (quoting Sculptchair, 94 F.3d at 632).

Alabama has a strong interest in the litigation because the suit involves the failure of a foreign insurer to pay claims due under policies issued to an Alabama corporation. See Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1221 (11th Cir. 1999) ("Florida . . . [has] a strong interest in seeing this matter resolved in Florida, as the dispute involves the alleged failure to pay claims under insurance policies issued by a foreign company to cover Florida property owned by a Florida resident."); Rossman v. State Farm Mut. Auto. Ins. Co., 832 F.2d 282, 287 (4th Cir. 1987).

10

Finally, Mutual Service's interest in obtaining convenient and effective relief is strong in this case, as Alabama appears to be the only forum available which would allow Mutual Service to join all defendants in the same lawsuit. In light of the considerations above, we hold that Alabama's exercise of jurisdiction over Inter-Industry, Agrichem, and Insurco does not violate due process.[7]

### III.

The offshore insurers next contend that the district court erred in granting Frit's motion for summary judgment. The district court held that the offshore insurers had a duty to defend Frit in the product liability actions. The insurers offer two arguments: first, that the district court erred in applying the law of Alabama rather than the law of the Cayman Islands; and second, that the district court abused its discretion by not allowing them to withdraw certain admissions. We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party against whom summary judgment was granted. Southpace Props., Inc. v. Acquisition Group, 5 F.3d 500, 504 (11th Cir. 1993).

---

[7]Because we conclude that Alabama has personal jurisdiction over the offshore insurers, we do not address the argument that the insurers waived their defense of lack of personal jurisdiction.

A.

In their motion for summary judgment, Insurco, Agrichem and Inter-Industry argued that Frit had agreed to a choice-of-law provision mandating that its insurance agreement would be governed by the law of the Cayman Islands. Though there was no such provision in the insurance contracts, the offshore insurers point to a clause in the shareholder agreement Frit signed in order to obtain insurance coverage from Agrichem. Agrichem is an insurance cooperative, and as a member Frit was required to accept the shareholder agreement. The clause states: "This [shareholder] Agreement shall be governed by and construed in accordance with the laws of the Cayman Islands." The offshore insurers argued to the district court that this clause also mandated that the insurance policy be interpreted under the laws of the Cayman Islands. However, the offshore insurers offered no authority from the Cayman Islands. Absent authority, the district court held that even if the choice-of-law provision in the shareholder agreement applied, the court would assume that the law of the Cayman Islands was the same as that of Alabama. The district court concluded that, under Alabama law, the offshore insurers had a duty to defend Frit in the product liability actions. The offshore insurers argue that because they gave proper notice of the potential applicability of Cayman law under Federal Rule of Civil Procedure 44.1, the district court's

12

holding was error. Federal Rule of Civil Procedure 44.1[8] requires a party intending to raise an issue of foreign law to give notice of such in their pleadings or by other "reasonable notice." The offshore insurers stated their intention to rely on Cayman Island law at the pretrial conference, thereby giving sufficient notice. See DP Aviation v. Smiths Indus. Aerospace and Def. Sys. Ltd., 268 F.3d 829, 847 (9th Cir. 2001) (notice of intent should generally be given by the pretrial conference and the issue should appear in the pretrial order). However, the offshore insurers never offered citations to substantive Cayman law. Instead, they filed a motion for summary judgment based on Alabama law.

The district court is not required to conduct its own research into the content of foreign law if the party urging its application declines to do so. "Although the court is permitted to take judicial notice of authoritative statements of foreign law, nothing requires the court to conduct its own research into obscure sources." McGhee v. Arabian Am. Oil Co., 871 F.2d 1412, 1424 n.10 (9th Cir. 1989).

---

[8]Federal Rule of Civil Procedure 44.1 provides:

A party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or other reasonable written notice. The court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination shall be treated as a ruling on a question of law.

The Restatement (Second) of Conflict of Laws provides: "[W]here either no information, or else insufficient information, has been obtained about the foreign law, the forum will usually decide the case in accordance with its own local law except when to do so would not meet the needs of the case or would not be in the interests of justice." Restatement (Second) of Conflict of Laws, § 136, cmt. h, at 378-79 (1971); see also Cavic v. Grand Bahama Dev. Co., Ltd., 701 F.2d 879, 882 (11th Cir.1983) (citing Restatement with approval); Seguros Tepeyac, S.A., Compania Mexicana de Seguros Generales v. Bostrom, 347 F.2d 168, 174 n.3 (5th Cir. 1965);[9] accord Republican Nat'l Comm. v. Taylor, 299 F.3d 887, 891 (D.C. Cir. 2002).[10] The offshore insurers did not direct the district court or this court to a single rule of law for the Cayman Islands, either by case law or by statute. They cannot credibly argue that a different result would follow if that jurisdiction's law were followed. The district court did not err in applying the law of Alabama in this case.

---

[9]This court has adopted all prior decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, as binding precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[10]See also United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1224 (10th Cir. 2000); In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979, 644 F.2d 594, 631 (7th Cir. 1981); Walter v. Netherlands Mead N.V., 514 F.2d 1130, 1137 n.14 (3d Cir. 1975); Bartsch v. Metro-Goldwyn-Mayer, Inc., 391 F.2d 150, 155 n.3 (2d Cir. 1968); 1700 Ocean Ave. Corp. v. GBR Assocs., 354 F.2d 993, 994 (9th Cir. 1965).

14

B.

Next, the offshore insurers argue that the district court erred in denying their motion to withdraw certain admissions. Because the control of discovery is committed to the sound discretion of the trial court, Dukes v. South Carolina Ins. Co., 770 F.2d 545, 549 (5th Cir. 1985), we review the district court's denial of a motion to withdraw admissions for abuse of discretion, Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002), cert denied, 537 U.S. 1193 (2003).

The offshore insurers collectively argued in their summary judgment motion that they had no duty to defend Frit in the product liability actions because their policies insured Frit for only one million dollars in the aggregate, and Frit had reached this limit in a previous lawsuit. The district court rejected their argument because the only insurer to have paid on its policy was Insurco, and Frit had separate policies with each company. Moreover, in response to Frit's request under Federal Rule of Civil Procedure 36, the offshore insurers had already admitted that their respective policies provided separate limits for each year of coverage and that the policy limits had not been exhausted. The district court held that these admissions conclusively established that a single insurer's prior payment did not exhaust the limits on coverage for all of the policies.

The offshore insurers moved to withdraw their admissions, and the district court denied their motion. The court determined that the offshore insurers were

trying to change their litigation position and that Frit would be prejudiced by the withdrawal of the admissions. See Fed. R. Civ. P. 36(b). After careful review of the record, we conclude that the district court did not abuse its discretion.

IV.

The offshore insurers next argue that the district court erred in holding that they had waived their right to challenge the reasonableness and necessity of the attorneys' fees Mutual Service incurred in defending the product liability actions and awarding the full amount of fees requested to Mutual Service. We review an award of attorneys' fees for an abuse of discretion. See Coastal Fuels Mktg., Inc. v. Florida Express Shipping Co., Inc., 207 F.3d 1247, 1252 (11th Cir. 2000). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination or bases an award [or a denial] upon findings of fact that are clearly erroneous." Id. (citing United States v. Gilbert, 198 F.3d 1293, 1298 (11th Cir. 1999)).

Following the award of summary judgment to Frit, Mutual Service filed a motion to alter or amend the judgment, requesting that the district court order the offshore insurers to reimburse the domestic insurers pro rata for the fees and expenses they had incurred in defending Frit in the product liability actions. The district court granted the motion, and directed all insurers to submit a joint

16

statement of the amount the offshore insurers owed the domestic insurers and whether more would be owed in the future.

The parties could not agree on a dollar amount or on a method of allocation, but they did consent to have a magistrate judge resolve the dispute. The magistrate judge ruled that the offshore insurers had waived any objection to the reasonableness and necessity of the attorneys' fees, adopted Mutual Service's allocation proposal, and entered judgment with respect to expenses for Mutual Service.

Under Alabama law, "[a]ttorney's fees incurred as a proximate result of . . . [a] refusal to defend the suit are appropriate damages for breach of contract." Green v. Standard Fire Ins. Co. of Alabama, 477 So. 2d 333, 335 (Ala. 1985). Mutual Service is entitled to recover its attorneys' fees only "to the extent that they are necessarily incurred and reasonable in amount." Highlands Underwriters Ins. Co. v. Elegante Inns, Inc., 361 So. 2d 1060, 1066 (Ala. 1978). In ruling that the offshore insurers had waived their objection to the reasonableness or necessity of the incurred fees, the magistrate judge relied on Alabama law that an insurer who specifically denies liability on one ground waives all other grounds or defenses it could have raised but did not. See, e.g., Home Indem. Co. v. Reed Equip. Co., Inc., 381 So. 2d 45, 50 (Ala. 1980).

However, not all defenses are capable of being waived under this doctrine. Rather, the only defenses capable of waiver are those which arise out of an express condition contained in the insurance contract. <u>First Alabama Bank of Montgomery, N.A. v. First State Ins. Co., Inc.</u>, 899 F.2d 1045, 1063 (11th Cir. 1990); <u>Wood v. Mut. of New York Life Ins. Co.</u>, 405 F. Supp. 685, 686 (N.D. Ala. 1975); <u>cf.</u> <u>Reed</u>, 381 So.2d at 50 (waiver cannot be applied to enlarge coverage of policy).[11]

Because the requirement that attorneys' fees resulting from a fellow insurer's breach of contract be reasonable and necessary arises from Alabama law and not out of an express condition in any of the insurance contracts at issue, the offshore insurers did not waive their defense by first raising it in response to Mutual Service's motion to alter or amend the judgment. The district court abused its discretion in ruling the defense waived.

Mutual Service offers us an alternate ground on which we could affirm: the offshore insurers failed to raise the reasonableness of attorneys' fees as an issue in dispute in the pretrial order. Considering the broad discretion the trial court has to construe its own pretrial memoranda and the deference we give to the trial court's

---

[11]<u>See also, e.g.</u>, <u>Am. Auto. Ins. Co v. English</u>, 94 So. 2d 397, 402 (Ala. 1957) (denying liability on ground that company was not primary insurer waives defenses of lack of sufficient notice and cooperation on part of insured); <u>Home Ins. Co. v. Jones</u>, 165 So. 211, 213 (Ala. 1935) (denying liability under fire insurance policy on ground that policy did not cover willful or fraudulent fire is waiver of defense of proof of loss).

decision to allow (or disallow) amendments to pretrial orders, we are unwilling to hold as a matter of law that the offshore insurers waived their objection when the district court never ruled on the issue. See Santiago v. Lykes Bros. S.S. Co., Inc., 986 F.2d 423, 427 (11th Cir. 1993) (instructing jury on theory not in pretrial order was within judge's discretion); Hodges v. United States, 597 F.2d 1014, 1018 (5th Cir. 1979). Therefore, we remand to the district court for consideration of this issue.[12]

V.

Next, the offshore insurers argue that the district court failed to follow principles of international abstention when it permanently enjoined litigation filed by Inter-Industry in the Isle of Man. We review the district court's order granting an injunction for abuse of discretion. Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996).

About three months after Mutual Service filed this lawsuit, Inter-Industry filed suit against Frit and Mutual Service in the High Court of Justice of the Isle of Man. Mut. Serv. Cas. Ins. Co. v. Frit Indus., Inc., 805 F. Supp. 919, 920 (M.D. Ala. 1992). Inter-Industry asked that court to determine whether it had a duty to

---

[12]The offshore insurers also argue that the district court's allocation of defense costs according to Commercial Union Ins. Co. v. Sepco Corp., 765 F.2d 1543 (11th Cir. 1985) was error. Sepco is a prior decision of this court interpreting Alabama law, id. at 1575, and it is controlling precedent. The district court did not err.

defend Frit under the insurance policy, to enjoin this suit, and to rule that all Inter-Industry's duties be determined in the courts of the Isle of Man. Id. at 920-21. One day later, Insurco and Agrichem filed suit against Frit and Mutual Service in the courts of the Cayman Islands, seeking a declaratory judgment determining their duty to defend. Id. at 921.

Frit and Mutual Service moved the district court to enjoin these foreign lawsuits. The district court enjoined Inter-Industry from seeking an injunction prohibiting the further prosecution of this action and from seeking a declaration that all its rights should be determined within the Isle of Man proceedings. Id. at 925. However, the district court refused to enjoin the Cayman Islands proceedings or the Isle of Man proceedings to the extent that those suits sought to adjudicate the duty to defend issue. Id. That ruling was affirmed in a per curiam opinion of this court. Mut. Serv. Cas. Ins. Co. v. Frit Indus., Inc., 3 F.3d 442 (11th Cir. 1993) (table).

Several years later, after the district court entered judgment on the duty to defend issue, Frit and Mutual Service moved the district court to make its injunction permanent, which the district court granted. The permanent injunction expanded the prior injunction in that it prohibited Inter-Industry from attempting to obtain a conflicting ruling in the Isle of Man on the duty to defend issue.

20

The offshore insurers argue that the district court should not have granted the injunction because it was contrary to the international abstention doctrine enunciated by this court in Turner Entm't Co. v. Degeto Film GmbH, 25 F.3d 1512, 1521 (11th Cir. 1994). However, the offshore insurers never moved to dismiss or stay this suit on the basis of international abstention. The injunction that the offshore insurers oppose was requested in the context of a Rule 59(e) motion to alter or amend the judgment.[13] The district court issued the injunction after it issued its opinion on the duty to defend issue.[14] Abstention at this point would be illogical, because the district court had already issued a binding decision on the same issue Inter-Industry was trying to litigate in the Isle of Man.

"When the injunction is requested after a previous judgment on the merits, there is little interference with the rule favoring parallel proceedings in matters subject to concurrent jurisdiction. Thus, a court may freely protect the integrity of its judgments by preventing their evasion through vexatious or oppressive relitigation." Laker Airways v. Sabena, Belgian World Airlines, 731 F.2d 909, 928 (D.C. Cir. 1984); see also Bethell v. Peace, 441 F.2d 495, 498 (5th Cir. 1971). The district court was in the best position to know the history of the case and

---

[13]To the extent that the offshore insurers' argument can be construed as a challenge to the original injunction, that injunction has already been affirmed by a panel of this court. See Mut. Serv. Cas. Ins. Co. v. Frit Indus., Inc., 3 F.3d 442 (11th Cir. 1993) (table).

[14]Though the district court's ruling on the duty to defend issue was a final judgment, the case continued to proceed for some time in light of Frit and Mutual Service's Rule 59 motions.

21

assess the strategic conduct of Inter-Industry in seeking to relitigate the duty to defend issue in the Isle of Man litigation. In this case, the "only conceivable benefit that [the foreign defendants] would reap if the district court's injunction were overturned would be the right to attack the pending United States action in a foreign court." Laker Airways, 731 F.2d at 915. We hold that the district court did not abuse its discretion in issuing the permanent injunction.

VI.

Mutual Service cross-appeals the district court's partial denial of prejudgment interest on its award. We review the district court's decision on prejudgment interest for abuse of discretion. Sunderland Marine Mut. Ins. Co., Ltd. v. Weeks Marine Constr. Co., 338 F.3d 1276, 1280 (11th Cir. 2003).

In its October 3, 2000 judgment, the district court awarded damages to Mutual Service in a sum certain for their expenses through April 30, 1998, and directed the domestic insurers to file final and complete notices of the expenses they incurred from April 30, 1998, until the termination of the product liability actions.

On May 22, 2002, the magistrate judge issued a final ruling allocating expense costs. The award included prejudgment interest only through October 3,

2000.[15]  The court did not acknowledge or explain its failure to award interest for

October 2000 through May 2002.  The court ordered judgment:

> For the period since 3 October 2000, in favor of [Mutual Service], Wausau, and First State and against Agrichem/Insurco and Inter-Industry for a pro rata share of the fees and expenses which the defending insurers have paid for the North Carolina litigation, pursuant to the allocation that has been adopted by this court and pursuant to which the sums reflected in paragraphs 1, 2, and 3 were computed.

The magistrate judge's failure to award interest since October 2000 is inconsistent

with the foregoing paragraph, as "the allocation that has already been adopted" did

include prejudgment interest.

An award of prejudgment interest through May 2002, is consistent with

Alabama statutory law:

> All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money, or thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money, performed.

Ala. Code. § 8-8-8 (1975).  "It is well established that an insured is entitled to

collect interest only from the date the loss should have been paid to the date of the

judgment."  First Alabama Bank of Montgomery, N.A. v. First State Ins. Co., Inc.,

---

[15]We note that the magistrate judge's May 2002 order is unclear on its face whether its award included prejudgment interest because it does not include an accounting of the award. However, the amount awarded corresponds with the amount Mutual Service requested in its Suggestion of Sums Certain of December 8, 2000, in which Mutual Service includes an itemized breakdown of requested fees.  The amount requested includes prejudgment interest until October 3, 2000.

899 F.2d 1045, 1065 (11th Cir. 1990) (emphasis added) (citing Alabama Farm

Bureau Mut. Cas. Ins. Co. v. Williams, 530 So. 2d 1371, 1378 (Ala. 1988)).

Therefore, we reverse with directions to award prejudgment interest on the

amounts owed to Mutual Service from October 3, 2000 until May 22, 2002.

VII.

Frit cross-appeals the district court's denial of its request that the offshore

insurers be ordered to pay the attorneys' fees Frit incurred in proving the truth of a

matter the offshore insurers denied in response to a Federal Rule of Civil

Procedure 37 request to admit. We review the district court's decision to award

costs and attorneys' fees for abuse of discretion. Harris v. Chapman, 97 F. 3d 499,

506 (11th Cir. 1996) (reviewing district court rulings on discovery motions and

discovery sanctions under abuse of discretion standard). An appellate court will

not reverse unless it has a "definite and firm conviction that the district court

committed a clear error of judgment." Marchand v. Mercy Med. Ctr., 22 F.3d 933,

936 (9th Cir. 1994).

In its request for admissions, Frit asked the offshore insurers to admit that,

based on the allegations in the product liability complaints, they had a duty to

defend Frit in those lawsuits. The offshore insurers denied these requests.

Vindicated in a successful summary judgment motion, Frit contends that because

it later proved the denial to be erroneous, Frit is entitled to the attorneys' fees it incurred in proving the accuracy of the requested information.

Federal Rule of Civil Procedure 37(c)(2) provides a sanction for a party's failure to make an admission properly requested under Rule 36. Rule 37(c)(2) mandates that the court award the expenses incurred by the party in proving a denied admission, including attorneys' fees, unless it finds that an enumerated exception applies: "(A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit." This sanction encourages parties to identify undisputed issues early so as to avoid unnecessary costs. See Marchand, 22 F.3d at 936.

The district court ruled that "the party failing to admit had reasonable ground to believe that the party might prevail on the matter." Under this exception, Frit is not entitled to attorneys' fees simply because it eventually prevailed on the duty to defend issue. The "true test under Rule 37(c) is not whether a party prevailed at trial but whether he acted reasonably in believing that he might prevail." Fed. R. Civ. P. R. 37(c) advisory committee's note to 1970 amendment. Frit is therefore entitled to attorneys' fees only if the offshore insurers

were unreasonable in denying the existence of a duty when the admissions were made.

The district court ruled, without discussion, by quoting the language of Rule 37(c)(2). A district court's determination under Rule 37 is entitled to great deference by this court. See Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993) (district court has broad discretion to control discovery, including the choice whether or not to impose Rule 37 sanctions). "This does not mean, however, that we will rubber-stamp the decisions of the district court." Velazquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1075 (1st Cir. 1990) (Rule 37(b) analysis). The district court offered no explanation as to how it reached the conclusion that the offshore insurers' denials were reasonable. Without explanation, it is impossible for us to determine whether or not the district court acted within the bounds of its discretion. "[I]n cases invoking the sanction power of Rule 37 the district court must 'clearly state its reasons so that meaningful review may be had on appeal.'" Carlucci v. Piper Aircraft Corp., Inc., 775 F.2d 1440, 1453 (11th Cir. 1985) (quoting Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 505 (4th Cir. 1977)).

Therefore, we remand the issue of whether Frit is entitled to expenses under Federal Rule of Civil Procedure 37 for the district court to provide an explanation of its findings on the issue.

## Conclusion

In summary, we affirm district court's denial of the offshore insurers' motion to dismiss for lack of personal jurisdiction, its grant of summary judgment to Frit on the duty to defend issue, and its issuance of the permanent injunction against litigation initiated by Inter-Industry in the Isle of Man. We reverse and remand for consideration of whether Frit is entitled to attorneys' fees based on the offshore insurers' failure to admit they had a duty to defend, for a determination of the reasonableness of Mutual Service's attorneys' fees, and for an additional award of prejudgment interest to Mutual Service.

AFFIRMED in part and REMANDED in part.