[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13219
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cv-01283-MMH-MCR

CLIFFORD LEON REID,

Plaintiff-Appellant,

versus

WALTER A. NEAL, et al.,

Defendants,

LARRY HENDERSON,
P.A. Fl. Dept. of Corrections,
MS. MULLINAX,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 2, 2017)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Clifford L. Reid, a Florida prisoner proceeding pro se and in forma pauperis, challenges a jury verdict finding the defendants Larry Henderson, a physician's assistant at Hamilton Correctional Institution ("HCI"), and Tamey Mullinax, an HCI security officer, not liable for their alleged excessive use of force and failure to intervene, respectively, in violation of the Eighth and Fourteenth Amendments. Reid also challenges the court's denial of his motion to alter or amend the judgment or order a new trial.  On appeal, Reid argues that: (1) the district court abused its discretion in granting the defendants' motion to withdraw admissions; (2) the district court prejudiced him by instructing the jury that Reid bore the burden to prove his case by a preponderance of the evidence and improperly failed to submit instructions to the jury concerning the defendants' mental states and the effects of their conduct; (3) the district court abused its discretion in not altering or amending the judgment or ordering a new trial on the alleged basis that the defendants committed perjury; and (4) the jury verdict in favor of the defendants was not supported by sufficient evidence at trial.  After careful review, we affirm.

First, we are unpersuaded by Reid's claim that the district court abused its discretion in granting the defendants' motion to withdraw admissions.  We review a district court's decision on a motion to withdraw admissions for abuse of discretion.  Mut. Serv. Ins. Co. v. Frit Indus., 358 F.3d 1312, 1322 (11th Cir. 2004).  Under this standard, we must affirm unless we determine that the district

2

court made a clear error of judgment or applied an incorrect legal standard. <u>Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty.</u>, 402 F.3d 1092, 1103 (11th Cir. 2005). Under Rule 36, a district court "may permit withdrawal or amendment [of admissions] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the [party requesting admissions] in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

Reid essentially argues that the district court abused its discretion by granting the defendants' motion to withdraw admissions, following the defendants' failure to respond to Reid's request for admissions on the belief that discovery was not yet open. But as the record shows, the court applied the appropriate legal standard, asking: (1) whether withdrawal would promote the presentation of the merits and; and (2) whether withdrawal would prejudice Reid's ability to present his case. <u>Id</u>. As for the first prong, the court found that withdrawal would promote a presentation of the merits because, except for their failure to respond to Reid's request for admissions, Henderson and Mullinax consistently denied Reid's factual allegations throughout the case. The court also found that if it were to uphold the admissions, it would eliminate any presentation of the merits because those admissions directly tracked Reid's allegations in his complaint.

As for the second prong, the district court found that allowing the admissions to be withdrawn would not prejudice Reid's presentation of the case

3

since Reid knew the defendants disputed the factual allegations in Reid's request throughout the case.  Moreover, the defedants had mitigated any prejudice by sending Reid a letter advising him that they believed his request was invalid and would not respond to it.  The court added that Reid understood the need to, had the ability to, and actually did undertake other discovery.  On this record, we cannot say the district court abused its discretion by allowing the defendants to withdraw the admissions.  Cook, 402 F.3d at 1103; Frit Indus., 358 F.3d at 1322.

We also find no merit to Reid's challenge to the jury instructions.  We review jury instructions de novo to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party.  Palmer v. Bd. of Regents of Univ. Sys. of Ga., 208 F.3d 969, 973 (11th Cir. 2000).  However, under the invited error doctrine, a party waives the right to challenge a jury instruction on appeal if that party proposed instructions that the district court accepted.  Ford ex rel. Estate of Ford v. Garcia, 289 F.3d 1283, 1294 (11th Cir. 2002) (holding that invited error occurred when the district court adopted the challenging party's suggested changes to the court's proposed jury instructions).  The invited error doctrine also bars our review where a party, rather than remaining silent and failing to object, responds that it accepts the court's proposed instruction.  Id.

In reviewing jury instructions, we look to whether, considering the jury instructions as a whole, the district court's instructions allowed the jury to

4

understand the issues and did not mislead the jury. Palmer, 208 F.3d at 973. If the instructions accurately reflect the law, we give the district court wide discretion in their style and wording. Id. Where the district court failed to give an instruction, we reverse only if that failure resulted in prejudice to the party requesting the instruction. Id. A prisoner plaintiff has the burden to prove his Eighth Amendment claim alleging excessive use of force. See Wilkins v. Gaddy, 559 U.S. 34, 36, 40 (2010) (holding that the prisoner alleging excessive use of force had to prove the assault occurred, that it was carried out maliciously or sadistically, and that he suffered injuries).

Reid argues on appeal that the district court prejudiced him by instructing the jury that Reid bore the burden to prove his case by a preponderance of the evidence and that it improperly failed to submit instructions to the jury concerning the defendants' mental states and the effects of their conduct. However, Reid waived both challenges to the jury instructions under the invited error doctrine. See Ford, 289 F.3d at 1294. As the record reveals, Reid joined with Henderson and Mullinax in submitting joint proposed jury instructions to the district court. To the extent those instructions discussed Reid's burden of proof, the district court adopted the proposed language in its entirety, making only minor changes to style and wording. Similarly, as for the instructions concerning the elements of Reid's claim against Henderson, the district court adopted the entirety of the parties'

jointly proposed instruction.  Moreover, Reid expressly said he had no objections to any of the jury instructions both before and after the court read them to the jury.  Accordingly, we decline to review Reid's challenge to the jury instructions based on the invited error doctrine.  See id.

Next, we reject Reid's argument that the district court abused its discretion when it did not alter or amend the judgment or order a new trial even though Henderson and Mullinax committed perjury.  We review the denial of a Rule 59 motion for abuse of discretion.  Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007).  Under Rule 59, a party may move the court to alter or amend the judgment or grant a new trial within 28 days after the entry of judgment.  Fed. R. Civ. P. 59(a)(1), (b).  A Rule 59 motion cannot be used to raise arguments or present evidence that was available before the court entered the judgment.  Arthur, 500 F.3d at 1343.  Instead, to succeed on a Rule 59 motion, the movant must present newly-discovered evidence or manifest errors of law or fact.  Id.

It is the function of the jury, as the trier of fact, to weigh conflicting evidence and determine the credibility of witnesses.  J & H Auto Trim Co. v. Bellefonte Ins. Co., 677 F.2d 1365, 1368 (1982).  Testimonial inconsistencies, in contrast to clear cases of deceit, should be tested through cross-examination, allowing the jury to weigh the inconsistent testimony in determining the witness's credibility.  See Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1316–17 (11th Cir.

6

2007) (discussing whether inconsistencies between an affidavit and deposition testimony allow the court to disregard the affidavit).

Here, Reid has not shown that the district court abused its discretion in denying his Rule 59 motion. Reid did not offer any new evidence or proof of perjury or other evidentiary misconduct, but only alleged, as he now argues, that the defendants' testimony must have been perjured because inconsistencies existed. Reid had the opportunity to, and did, test the inconsistencies during the cross-examination of Henderson and Mullinax, and the jury was permitted to make its own credibility determination based on that information. J & H Auto Trim. Co., 677 F.2d at 1368. Thus, the district court did not abuse its discretion in concluding that Reid was not entitled to relief under Rule 59 because Reid failed to present newly-discovered evidence or manifest errors of law or fact, and the evidence supported the jury's verdict. Accordingly, we affirm the district court's denial of Reid's motion to alter or amend or order a new trial. Arthur, 500 F.3d at 1343.

Finally, we are unpersuaded by Reid's argument that the jury verdict in favor of Henderson and Mullinax was not supported by sufficient evidence at trial. As we've noted, we review the denial of a Rule 59 motion to alter or amend or order a new trial for abuse of discretion. Arthur, 500 F.3d at 1343; Brochu v. City of Riviera Beach, 304 F.3d 1144, 1155 (11th Cir. 2002). But we generally review sufficiency of the evidence claims de novo. J & H Auto Trim Co., 677 F.2d at

1368 ("Since the sufficiency of the evidence to support a verdict is a question of law, the standard of review on appeal is the same as that applied by the trial court in making its initial ruling"); see also Brochu, 304 F.3d at 1154 (discussing the standard of review on the appeal of the denial of a motion for judgment as a matter of law and a motion for a new trial). A verdict must stand unless no legally sufficient evidentiary basis exists for a jury to find for the prevailing party, otherwise we will not second-guess the jury or substitute our judgment for the jury's judgment. Brochu, 304 F.3d at 1154–55. Ultimately, "[i]t is the jury's task -- not ours -- to weigh conflicting evidence and inferences, and determine the credibility of witnesses." Id. (quotation omitted).

To show an excessive use of force in the custodial setting, in violation of the Eighth Amendment, a plaintiff must illustrate that the force was applied maliciously and sadistically to cause harm, rather than applied in a good faith effort to maintain or restore discipline. Skirtch v. Thornton, 280 F.3d 1295, 1300 (11th Cir. 2002). Whether force was applied maliciously and sadistically is a function of four factors: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (quotation omitted). Additionally, to succeed on a failure to intervene, in violation of the Eighth Amendment, a plaintiff must show that the

official was present at the scene and failed to take reasonable steps to protect the victim from the other official's excessive use of force. Id. at 1301.

Here, Reid has failed to show that no legally sufficient evidentiary basis existed to support the jury's verdict. Brochu, 304 F.3d at 1154–55. The jury's sole finding was that Henderson did not subject Reid to an excessive use of force, and that finding disposed of the entirety of Reid's claims against Henderson and Mullinax. Skirtch, 280 F.3d at 1300–01. The evidence at trial included medical records, testimony from the department of corrections inspector general inquiries, and live witness testimony in which Henderson and Mullinax consistently said that Henderson gently lowered Reid to the ground, never kneed or punched Reid, and conducted Reid's examinations appropriately. Although there may have been a few minor inconsistencies between the documentary evidence and the testimony at trial, Reid had the opportunity to impeach the witnesses during cross-examination, and the jury was allowed to weigh the conflicting evidence and the credibility of the witnesses in reaching its verdict. Brochu, 304 F.3d at 1154–55. Moreover, as we've held, Reid has not shown that any of the district court's evidentiary decisions were erroneous. Thus, a legally sufficient basis existed in the evidence to support the jury's verdict, and Reid cannot show that the district court abused its discretion in holding that a new trial was not necessary. Arthur, 500 F.3d at 1343.

**AFFIRMED**.